F I L E D
United States Court of Appeals
Tenth Circuit

DEC 14 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

GEORGE WILLIAMS,

    Plaintiff-Appellant,

v.

FRANK RICE,
Warden/Superintendent of Denver
Reception & Diagnostic Center;
ROBERT TAYLOR, Shift
Commander at Denver Reception &
Diagnostic Center; LYNN
HANSEN, Registered Nurse at
Denver Reception & Diagnostic
Center; STEPHEN RODGERS,
Disciplinary Hearings Officer at
Denver Reception & Diagnostic
Center, in their official and
individual personal capacities,

    Defendants-Appellees.

No. 98-1146
(D. Colo.)
(D.Ct. No. 95-S-124)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

George Williams, a pro se litigant and inmate at a state correctional facility in Colorado, appeals the district court's order granting summary judgment to certain state officials, and dismissing his 42 U.S.C. § 1983 action against them.

This § 1983 action arises from an incident that occurred during Mr. Williams' incarceration when he allegedly grabbed a nurse's hand while she administered medication. At a subsequent disciplinary hearing, the presiding hearing officer determined Mr. Williams committed an assault and sanctioned him to fifteen days of punitive segregation.

Mr. Williams filed a complaint pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights in connection with his disciplinary hearing and actions by certain state prison officials, including the warden, nurse, shift supervisor and hearing officer. In his complaint, Mr. Williams claims: (1) violation of a protected liberty interest resulting from his punitive segregation; (2)

violation of his due process rights based on denial of his request to present, confront and cross-examine witnesses; (3) error because only one hearing officer, not a three-member panel, presided at his disciplinary hearing, in violation of the Colorado Code of Penal Discipline; (4) error due to the defendants' lack of legal training which resulted in unnecessary physical and mental stress; and (5) denial of impartial review or investigation of his appeal of the disciplinary proceeding.

During litigation, Mr. Williams on several occasions requested, but was denied, appointment of counsel. He also filed motions asking for permission to obtain, and later compel, discovery. The magistrate judge, pursuant to the scheduling order, authorized permission to obtain full and complete discovery.

Prior to a completion of discovery and a ruling on Mr. Williams' motion to compel, defendants filed a motion for summary judgment. Mr. Williams filed another discovery request claiming summary judgment should not be granted absent completion of discovery. The magistrate judge, after reviewing the summary judgment motion, determined it "will need to be resolved on legal, not factual grounds," and advised Mr. Williams to file a detailed affidavit indicating the facts as he understood them and what additional information may be available through discovery. Thereafter, Mr. Williams filed an affidavit which made

general and conclusory allegations of factual dispute. The only specific dispute of fact raised by Mr. Williams concerned an escort officer, Officer Lechuga, who he claims did not testify at the disciplinary hearing despite the hearing officer's contrary contentions. In his affidavit, Mr. Williams only speculates as to the content of Officer Lechuga's testimony, stating he probably spoke to the nurse after the incident occurred.

The magistrate judge issued a thorough and complete recommendation granting summary judgment to defendants. The magistrate judge concluded, in relevant part: (1) Mr. Williams did not have a protected liberty interest in remaining in the general prison population, rather than serving his 15 day punitive segregation; (2) no violation of due process occurred as the hearing officer did not abuse his discretion in disallowing Mr. Williams' witnesses to testify since they were either merely character witnesses or, in the case of Officer Lechuga,[1]

---

[1] The magistrate judge concedes the parties are in dispute as to whether Officer Lechuga actually testified, but nevertheless determined the record shows he did testify at the hearing and stated he did not see the incident and was only in the vicinity at the time it happened. While the Martinez report filed in this case does not affirmatively show Mr. Lechuga testified, the affidavit of the hearing officer affirmatively states Mr. Lechuga testified, and did not witness the incident. The record also shows Mr. Williams did not request any additional witnesses at the close of the hearing. Finally, the incident report and notice of charge filed by Nancy Hansen, the nurse involved, shows Mr. Williams' body covered the medline window so escort officers could not see the assault.

did not witness the alleged assault; (3) the disciplinary board's decision was supported by evidence in the record; (4) violation of the Code of Penal Discipline requiring a three-panel disciplinary board does not rise to a violation of a liberty interest nor an actionable claim;[2] (5) Mr. Williams' conclusory allegations did not show the defendant officers lacked appropriate legal training, or that his administrative appeal received an impartial review or investigation; and (6) the defendant officials were entitled to qualified immunity since the evidence is insufficient to indicate violation of any of Mr. Williams' well-settled constitutional rights.

In response, Mr. Williams filed objections to the magistrate judge's recommendation, contending the magistrate judge improperly granted summary judgment because Officer Lechuga did not testify. The district court reviewed *de novo* the magistrate judge's recommendation and Mr. Williams' objection thereto. The district court issued an order accepting the magistrate judge's recommendation and granting summary judgment to the state officials. The district court determined (1) the factual issue regarding Officer Lechuga's testimony did not put the hearing officer's findings in doubt and therefore did not

---

[2] The record shows Mr. Williams initially requested a three-member panel, but then amended his request, and "went with a single hearing officer review."

preclude summary judgment; and (2) even if the hearing officer did not permit Officer Lechuga to testify,[3] Mr. Williams suffered no denial of his due process rights as his punitive segregation for fifteen days did not affect any protected liberty interest.

Mr. Williams appeals the summary judgment determination by raising the same issues disposed of by the magistrate judge and district court. He also raises a host of other issues not directly related to the summary judgment decision. Specifically, concerning the initial disciplinary hearing, Mr. Williams asserts his "inmate counsel was ineffective in hearing." With regard to his proceeding before the district court, Mr. Williams claims: (1) the district court improperly allowed Frank Rice, warden at the facility where the incident occurred, "to proceed without any attorney entry of appearance"; (2) conflict of interest and ineffective assistance of counsel issues exist because the warden lacked legal representation for two years, and when he finally obtained representation, he received ineffective assistance of counsel; (3) substitution of the warden's attorney with a Special Assistant Attorney General, affiliated with a private law

_____

[3] The determination to allow an inmate to call, confront and cross-examine witnesses at a disciplinary hearing is within the sound discretion of the state prison officials. *See Baxter v. Palmigiano*, 425 U.S. 308, 321-22 (1976).

firm, caused a "diversion course of unauthorized change ... [and] prejudice," and a conflict of interest; (4) evidence sufficiently supports conviction of "an assistant United States Attorney and of an attorney in private practice for conspiring to defraud the United States"; (5) the district court abused it authority by canceling and then not rescheduling the pretrial phone conference, and by not permitting discovery prior to rendering summary judgment; (6) the facility at which Mr. Williams is currently incarcerated lacks sufficient library books, hindering him from "quoting and mustering quotation of authority that can be properly stated for review at this time"; and (7) he is denied equal protection of the law because the other prisoners are treated differently.

In addition, Mr. Williams filed three motions, currently pending before this court, which include a "Mandaus [sic] Pursuant to Rule 21. (a)(1)," in which he claims, in part, the district court improperly failed to complete its scheduling order for a pretrial conference, grant him an opportunity to complete discovery, subpoena Warden Rice, and appoint him counsel. He also filed motions to recuse and disqualify the magistrate judge and district court judge.

I. <u>Summary Judgment</u>

We review the grant of summary judgment *de novo*, using the same

standard as the district court under Fed. R. Civ. P. 56(c). *Blue Circle Cement, Inc. v. Board of County Comm'rs*, 27 F.3d 1499, 1502 (10th Cir. 1994). "Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). We examine the factual record and the inferences reasonably drawn from the facts in the light most favorable to the party opposing summary judgment. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

We have carefully reviewed the parties' pleadings and briefs, the record on appeal, the magistrate judge's recommendation and the district court's decision, and considered them in light of the applicable law. The magistrate judge issued a thorough and well-reasoned recommendation for granting summary judgment to the prison officials. The district court accepted the recommendation, after additional and thoughtful consideration of Mr. Williams' objections. We cannot better articulate the facts, applicable law or reasoning for granting the summary judgment. Even construing Mr. Williams' pro se pleadings in support of his

appeal liberally,[4] his general and conclusory allegations of constitutional violations are insufficient to show there is a genuine issue of material fact or that the moving party is not entitled to summary judgment as a matter of law. *See Elsken v. Network Multi-Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir. 1995). We therefore affirm the district court's summary judgment decision for substantially the same reasons stated in the magistrate judge's February 14, 1998 Recommendation and the district court's March 30, 1998 Order.

## II.  Additional Issues

Having disposed of the issues presented primarily for summary judgment determination, we next address the additional issues raised by Mr. Williams, some of which are constitutional in nature.

## A.  Ineffective Assistance of Counsel

On appeal, Mr. Williams claims "inmate counsel was ineffective in hearing."  Such a conclusory statement does not rise to the level of establishing ineffective assistance of counsel.  More importantly,  his claim of ineffective assistance is without merit because minimum due process does not require

---

[4] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

assistance of counsel in disciplinary hearings.  *See Baxter*, 425 U.S. at 315 (1976) ("inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings'" (quoting *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974)).

Mr. Williams' claim that his constitutional rights were somehow violated by Warden Rice's self-representation, failure to file an attorney appearance form, and alleged representation by ineffective counsel, is without merit, if not frivolous.  The Sixth Amendment right to effective counsel does not extend to civil suits.  *See MacCuish v. United States*, 844 F.2d 733, 735-36 (10th Cir. 1988).  Moreover, Mr. Williams may only raise an ineffective assistance of counsel claim as to his own representation in a criminal proceeding, not his opponent's.

### B.  Appointment of Counsel

We next address Mr. Williams' claim in his May 22, 1998 motion that the district court failed to appoint him counsel.  Contrary to Mr. Williams' contentions, there is no Sixth Amendment  right to appointment of counsel in a civil suit.  *See MacCuish*, 844 F.2d at 735.  On this basis, the district court properly denied Mr. Williams' request for appointment of counsel in this action.

## C.  Access to Law Library

Mr. Williams' claim that the law library at his present facility is inadequate is raised for the first time on appeal.  This court declines to exercise jurisdiction on an issue not raised nor addressed below.  *See Singleton v. Wulff*, 428 U.S. 106, 120-121 (1976); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).  Nevertheless, we note "a state has no affirmative constitutional obligation to assist inmates in general civil matters," other than in habeas corpus actions, or in civil rights suits regarding the conditions of current confinement.  *Carper v. DeLand*, 54 F.3d 613, 616-17 (10th Cir. 1995).

## D.  Equal Protection

Mr. Williams' general allegation that he is treated differently than other inmates is raised for the first time on appeal.  Moreover, without supporting evidence, his claim is insufficient to rise to an equal protection claim warranting our review.  *See Abbott v. McCotter*, 13 F.3d 1439, 1441 (10th Cir. 1994).

## E.  Other Issues Raised for the First Time on Appeal

With respect to the other issues Mr. Williams raises for the first time on appeal, we will not address issues not presented to, nor addressed by, the district

court.[5] *See Singleton*, 428 U.S. at 120-21; *In re Walker*, 959 F.2d at 896. While we do not ordinarily consider issues raised for the first time on appeal, we nevertheless note that the issues raised by Mr. Williams are without merit. *See United States v. Alamillo*, 941 F.2d 1085, 1086 (10th Cir. 1991).

### E. Motions

In his motion for mandamus, Mr. Williams claims the district court erred by deciding the summary judgment motion without first allowing him to complete discovery and reschedule a pretrial telephone conference. We review decisions relating to discovery for an abuse of discretion. *International Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc.,* 52 F.3d 901, 904 (10th Cir. 1995). Mr. Williams' affidavit, which we treat as a Rule 56(f) affidavit, contains nothing more than a mere assertion that further discovery is necessary and only raises a factual dispute as to Officer Lechuga's attendance at the hearing. A Rule 56(f) affidavit must also "state with specificity why extra time is needed and how the additional time and material will rebut the summary judgment motion." *Id.* at 905. While the issue of Officer Lechuga's attendance at the disciplinary hearing

---

[5] The issues include (1) an alleged conflict of interest caused by substitution of the warden's attorney with a Special Assistant Attorney affiliated with a private law firm, and (2) the proposed conviction of an Assistant United States Attorney (or Special Assistant Attorney General).

is in dispute, both the magistrate judge and district court judge determined the evidence establishes Officer Lechuga did not see the incident and could not testify to it. Therefore, neither the magistrate judge nor the district court erred in ruling on the defendants' summary judgment motion before completion of discovery.

With regard to Mr. Williams' other pending motions, we review Mr. Williams' request for recusal or disqualification of the magistrate judge and district court judge under a plain error standard since Mr. Williams did not move for, nor file, the necessary affidavit for recusal or disqualification below. *See United States v. Kimball*, 73 F.3d 269, 273 (10th Cir. 1995). Even construing Mr. Williams' pro se pleadings liberally, his mere conclusions, beliefs, and opinions, as set forth in his motions, are not sufficient to form a basis for recusal or disqualification. *See Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987). Accordingly, Mr. Williams' motions for mandamus and recusal and disqualification are denied.

For the foregoing reasons, the summary judgment granted by the United States District Court for the District of Colorado is **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge