**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CORTEZ DARNELL WALTERS,

    Plaintiff-Appellant,

v.

MELINDA GUILFOYLE; ERICK
FRANKLIN; TERRY TUGLE;
BUFFERY GUTHRIE; PATRICIA
YATES; PITTS, Lieutenant; TAYLOR,
Sergeant, each in their individual and
official capacities,

    Defendants-Appellees.

No. 03-6022

(D.C. No. CIV-01-1690-R)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Plaintiff Cortez Walters, an Oklahoma state prisoner appearing pro se, appeals the district court's disposition of his 42 U.S.C. § 1983 complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Walters' § 1983 claims stem from a prison disciplinary matter. On November 24, 2000, he received a misconduct/offense report for individual disruptive behavior. According to Tim Beene, the reporting officer, he failed to follow directions, ran away, and had to be apprehended. Walters requested and was granted a disciplinary hearing. The hearing officer, Merlyn Taylor, found him guilty of the misconduct and punished him with 15 days of disciplinary segregation, loss of visitation for 45 days, and loss of 365 earned credits. Eric Franklin, the warden, reviewed and affirmed the hearing officer's decision. Melinda Guilfoyle, the officer who reviewed Walters' administrative appeal, concurred in the decision. In addition to these officers, Walters' § 1983 complaint named as defendants Buffery Guthrie, the officer responsible for investigating the misconduct report; Patricia Yates, the officer assigned to serve as staff representative for Walters; Virgil Pitts, the shift supervisor; and Terry Tugle, the acting warden.

Walters alleged a variety of Eighth Amendment violations and due process violations: Pitts' failure to dismiss the incident report despite his alleged knowledge of Walters' innocence; Guthrie's refusal to allow Walters to call witnesses in his defense at the disciplinary hearing; Yates' failure to fulfill her responsibilities as staff representative; Taylor's refusal to allow Walters to call witnesses on his behalf at the disciplinary

2

hearing; Franklin's, Guilfoyle's and Tugle's refusal to overturn the disciplinary conviction; Guthrie's failure to obtain testimony from an inmate and certain officers; and Taylor's failure to provide Walters a meaningful written statement and explanation of the finding of guilt. Defendants moved to dismiss the complaint for failure to state a claim or, alternatively, for summary judgment. The magistrate judge recommended dismissal, stating:

> The Plaintiff has failed to state a claim based on the Eighth Amendment and the defect is incurable. This claim should be dismissed with prejudice.
> In addition, Mr. Walters has failed to state a valid claim based on the alleged ineffectiveness of his staff representative. This claim should be dismissed with prejudice. With respect to the alleged inability to call live witnesses, Mr. Walters has not had his disciplinary conviction invalidated through habeas or expungement proceedings. Consequently, his request for monetary damages is premature, requiring dismissal without prejudice. Finally, Defendant Taylor is entitled to summary judgment on the claim concerning his written explanation for the disciplinary conviction.

ROA, Doc. 37 at 17. The district court adopted the magistrate judge's recommendation, stating:

> [T]he Plaintiff's Eighth Amendment allegations do not state a cognizable claim, and are subject to dismissal with prejudice. The Plaintiff has not alleged facts sufficient to show that the Defendants wantonly or unnecessarily inflicted pain or imposed grossly disproportionate punishment in connection with his disciplinary proceeding. See Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Procedural improprieties in connection with his disciplinary proceeding are not sufficient to support an Eighth Amendment claim. Brown v. Smith, 828 F.2d 1493 (10th Cir. 1987). The Court further agrees with the Magistrate Judge's conclusion that the defect with regard to this claim is incurable, and thus, the Plaintiff's Eighth Amendment claim will be dismissed with prejudice.
> The Plaintiff's procedural due process claim involving the inability

3

to call live witnesses at his disciplinary hearing is likewise flawed. See Edwards v. Balisok, 520 U.S. 641, 646-47 (1997). The Plaintiff can only obtain damages based on a claim of this nature if he first obtains a writ of habeas corpus or expungement of his conviction. Id. Until then, these claims are premature and must be dismissed, as explained by the Magistrate Judge.

The Plaintiff's claim that the staff representative appointed to represent him in the disciplinary proceeding [failed to fulfill his responsibilities] is subject to dismissal without prejudice. The Tenth Circuit has held that an inmate has no valid claim for ineffective assistance in disciplinary proceedings, because inmates ordinarily have no due process right to assistance in such a proceeding. Williams v. Rice, 166 F.3d 350, 1998 WL 863982 (10th Cir. 1998).

Finally, the Court finds that the Magistrate Judge has correctly concluded that Defendant Taylor is entitled to summary judgment on the Plaintiff's claim concerning [] Taylor's written explanation for the disciplinary findings.

Id., Doc. 45 at 1-2.

After carefully examining the record on appeal, we agree with the district court's analysis and disposition of Walters' claims. See generally Patton v. Denver Post Corp., 326 F.3d 1148, 1151 (10th Cir. 2003) ("We review the district court's grant of summary judgment de novo, applying the same standard as the district court."); Hartman v. Kickapoo Tribe Gaming Comm'n, 319 F.3d 1230, 1234 (10th Cir. 2003) ("We review a dismissal for failure to state a claim . . . de novo.").

We AFFIRM for substantially the same reasons set forth in the magistrate's report and recommendation and the district court's order. Walters' motion to proceed without prepayment of the appellate filing fee is GRANTED, but Walters is reminded to continue making partial payments until the appellate filing fee is paid in full. Walters'

4

"Application for Settlement," in which he proclaims his willingness to settle with the defendants for a sum certain, is DENIED. Walters' filing on April 25, 2003, which is construed as a motion to file a supplemental brief is DENIED.[1]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] The supplemental brief addresses claims not presented and parties not named in this matter. We will not address issues not raised before the district court. See Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1233 (10th Cir. 1997).