**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TAMMY K. HARTMAN,

      Plaintiff - Appellant,

v.

KICKAPOO TRIBE GAMING
COMMISSION; LAURA SOAP;
DENISE MENDEZ; VICTOR
PALMER; THE KICKAPOO TRIBE
OF KANSAS; STATE OF KANSAS;
NATIONAL INDIAN GAMING
COMMISSION; TRACY DIEL;
MONTIE DEER; KANSAS GAMING
AGENCY,

      Defendants - Appellees.

No. 01-3400

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 99-CV-4102-DES)**

---

Robert A. Coulthard, Topeka, Kansas, for Plaintiff - Appellant.

Jeff R. Keohane, (William B. Lazarus and Todd S. Aagaard, Attorneys,
Environment & Natural Resources Division, U.S. Department of Justice and
Thomas L. Sansonnetti, Assistant Attorney General, on the brief) Washington,
D.C., for Federal Defendants - Appellees.

Charley Laman, Topeka, Kansas, for Kickapoo Tribe Defendants - Appellees.

Brian Johnson, Assistant Attorney General, (and Carla J. Stovall, Attorney

General, on the brief) Topeka, Kansas, for State Defendants - Appellees.

---

Before **SEYMOUR**, **PORFILIO**, and **KELLY**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

Plaintiff-Appellant Tammy K. Hartman appeals from the judgment of the district court dismissing her complaint seeking relief for alleged violations of her rights under various provisions of Federal, State and Tribal law. Her amended complaint named the following defendants: (1) the Kickapoo Tribe of Kansas, The Kickapoo Tribe Gaming Commission ("KTGC"), and the individual commissioners of the KTGC (collectively, the "Tribal Defendants"); (2) The State of Kansas, the Kansas State Gaming Agency ("KSGA"), and Tracy Diel, Executive Director of the KSGA (collectively, the "State Defendants"); and (3) the National Indian Gaming Commission ("NIGC"), and Montie Deer, Chairman of the NIGC (collectively, the "Federal Defendants").

Ms. Hartman's amended complaint asserted eleven causes of action arising out of the KTGC's alleged suspension of her gaming license without a hearing. In essence, she complains of the suspension of her license, the denial of a hearing, the State Defendants' failure to take action on her behalf, and the Federal Defendants' approval of an allegedly defective Kickapoo tribal ordinance. She claims violations of the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-2721

("IGRA"), the Due Process Clause of the Fifth and Fourteenth Amendments, and various other provisions of Federal, State and Tribal law. The district court dismissed Ms. Hartman's claims against each Defendant and this appeal followed. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Ms. Hartman was employed by the Kickapoo Tribe as a licensed card dealer at a gaming facility owned by the Tribe. Following an incident in which she allegedly accepted a gratuity from a casino customer, Ms. Hartman claims that the KTGC suspended her gaming license for one week without providing notice or a hearing. After the KTGC affirmed her suspension and denied her request for reconsideration, Ms. Hartman filed an action in the Tribal Court of the Kickapoo Nation seeking monetary damages and an opportunity to "clear her good name and defend herself." Aplt. Br. at 4. The Tribal Court dismissed the complaint, holding that the KTGC, as an entity of the Kickapoo Tribe, was immune from suit by virtue of its sovereignty. Ms. Hartman thereafter appealed to the Kickapoo Nation Supreme Court. That appeal is currently pending.

Following the adverse ruling in the Tribal Court, Ms. Hartman initiated the present action in federal district court. The State and Tribal Defendants each filed separate motions to dismiss. The Federal Defendants likewise filed a motion to dismiss, and in the alternative, a motion for summary judgment. The district court granted each of the Defendants' motions.

In dismissing Ms. Hartman's action, the district court first held that all of her claims premised on alleged violations of IGRA must be dismissed because "IGRA provides no private right of action against the Tribe, the State, the federal government or any official or agency thereof." Hartman v. Kickapoo Tribe Gaming Comm'n, 176 F. Supp. 2d 1168, 1175 (D. Kan. 2001). We agree.

As the Supreme Court has observed, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979). Although Congress did provide that certain decisions by the NIGC made under various provisions of IGRA are subject to federal court review under the Administrative Procedures Act, see 25 U.S.C. § 2714,[1] the district court correctly pointed out that nowhere does IGRA expressly authorize private individuals to sue directly under the statute for failure of a tribe, a state, or the NIGC to comply with its provisions. Moreover, we note that Congress expressly provided various causes of action in favor of tribes, states, and the federal government for certain violations of IGRA. See, e.g., 25 U.S.C. §§ 2710, 2711, 2714. The Supreme Court has held that "when legislation expressly

---

[1] Neither Ms. Hartman's original complaint nor her amended complaint asserted a claim under the APA. Moreover, we do not believe that Ms. Hartman could establish a claim under the APA even if such a claim were properly before us because, as discussed below, the NIGC never approved the allegedly defective tribal ordinance of which she complains.

provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." Nat'l R.R. Passenger Corp. v. Nat'l Assoc. of R.R. Passengers, 414 U.S. 453, 458 (1974). Accordingly, we hold that IGRA contains no implied private right of action in favor of an individual seeking to enforce compliance with the statute's provisions. See also Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians, 63 F.3d 1030, 1049 (11th Cir. 1995) (finding no implied private right of action in favor of management contractor to enforce licensing provisions of IGRA in light of the statute's express provision of other rights of action); Hein v. Capitan Grande Band of Diegueno Mission Indians, 201 F.3d 1256, 1260 (9th Cir. 2000) (declining to imply private right of action under IGRA because "where IGRA creates a private cause of action, it does so explicitly."). The district court did not err in dismissing Ms. Hartman's claims arising under IGRA on this basis.

As to the Tribal Defendants, the district court held that the doctrine of exhaustion of tribal remedies applied, and that accordingly, all claims against the Tribe, the KTGC, and the individual commissioners must be dismissed on that basis. Specifically, the district court held that (1) the occurrences which gave rise to the suit arose exclusively on the Kickapoo reservation, and (2) none of the exceptions to the doctrine of tribal exhaustion applied in the case. Hartman, 176 F. Supp. 2d at 1181-82. Consequently, the district court held that under our

opinion in Kerr-McGee Corp. v. Farley, 115 F.3d 1498, 1507 (10th Cir. 1997), it was required to refrain from exercising jurisdiction until the parties had exhausted their remedies in tribal court.[2] Hartman, 176 F. Supp. 2d at 1182.

As to the Federal Defendants, the court first held that Ms. Hartman could not state a claim against NIGC or its chairman under 42 U.S.C. § 1983 because that statute applies only to actions taken under state law, and her complaint alleged only actions taken under color of Federal law (IGRA).[3] Id. at 1178. In analyzing Ms. Hartman's claims against Chairman Deer, the district court began by noting that her claims against him could be construed as an action brought pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, the court held that she could not establish a claim under Bivens because such an action requires a showing that the named federal official deprived her of a federally protected right, and "[p]laintiff has provided no support for the allegation that she has a federally protected right in the approval of an ordinance by the NIGC and the court knows of no such authority." Hartman, 176 F. Supp. 2d at 1179. In the alternative, the court granted the

---

[2] The district court also noted that exhaustion of tribal remedies requires, "at a minimum, tribal appellate court review." Hartman, 176 F. Supp. 2d at 1182 (citing Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 16 n.8 (1987)).

[3] The substance of Ms. Hartman's claims against the Federal Defendants is that, in violation of IGRA, they approved a tribal ordinance that permitted the Tribe to violate her due process rights by suspending her gaming license without a formal hearing.

Federal Defendants' motion for summary judgment. Noting that Ms. Hartman's sole claim against the Federal Defendants was that the NIGC and Chairman Deer should not have approved the Tribal ordinance at issue, the district court held that summary judgment was proper because the evidence revealed that the NIGC never approved that particular ordinance. Id. at 1179-80.

As to the State Defendants, the district court held that the Eleventh Amendment barred Ms. Hartman's claims against the State and the KSGA because (1) the State did not waive its immunity via the gaming compact entered into by the State and the Tribe, and (2) Congress did not abrogate the State's Eleventh Amendment immunity in enacting IGRA. Id. at 1176-77. Next, the district court held that the State and the KSGA could not be held liable under § 1983 because under Will v. Michigan Dep't. of State Police, 491 U.S. 58, 64, 71 (1989), neither a state nor a state agency is a "person" for purposes of § 1983. Id. at 1177. As to Tracy Diel, the court held that because he is a state official sued in his official capacity, the Eleventh Amendment precludes any claim for monetary damages against him. Id. Second, the court acknowledged that the Eleventh Amendment does not bar claims for declaratory or injunctive relief against state officials sued in their official capacity for violations of the Fourteenth Amendment. Id. at 1177-78. However, the court held that it was the Tribe, and not Mr. Diel, who allegedly violated the Due Process clause by suspending Ms. Hartman's gaming

license without a hearing, and that her claim against Mr. Diel was founded solely on his "alleged failure to comply with state law (i.e. failure to oversee gaming operations pursuant to Kansas Statutes Annotated § 74-9805 and failure to enforce the Compact)." Id. at 1178. Accordingly, the district court held that the claim against Mr. Diel must also be dismissed because the Eleventh Amendment does foreclose suits "alleging a state official violated *state* law in carrying out their official duties." Id. (emphasis in original) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984)).

We review a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) de novo. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). We will affirm a dismissal under Rule 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). We likewise review the grant of a motion for summary judgment under the de novo standard of review and apply the same legal standard as the district court. Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir. 1998).

Upon a careful consideration of the record, the parties' briefs, and the district court's order, we are convinced that the district court properly granted the Defendants' motions to dismiss as well as the Federal Defendants' motion for

summary judgment.  Moreover, none of the arguments raised in Ms. Hartman's brief to this Court persuade us that the district court erred in any material respect. We therefore AFFIRM for substantially the same reasons given by the district court.