**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIE J. WILSON,

        Plaintiff-Appellant,

  v.

FRANCIS J. HARVEY, Secretary of
the Army,

        Defendant-Appellee.

No. 05-1053
(D.C. No. 02-B-483 (MJW))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TYMKOVICH, PORFILIO** , and **BALDOCK** , Circuit Judges.

       After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from a district court judgment that dismissed appellant's race discrimination case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

Appellant Willie J. Wilson, an African-American, is a Target Systems Mechanic Leader at the Army's Fort Carson gunnery range. In August 2000, Wilson asked his supervisor to be "upgrade[d]" from work leader to work supervisor. Aplt. App. at 275. The request was relayed to the range manager, who declined to support Wilson's request, ostensibly because there was no vacancy and because Wilson was not performing supervisory functions.

Wilson contacted an Equal Employment Opportunity (EEO) counselor and then filed an EEO complaint, claiming race discrimination. After an investigation, the Army's EEO Compliance and Complaints Review Agency found that Wilson did not suffer discrimination.

Wilson then sued the Secretary of the Army in federal district court, claiming a violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. Wilson alleged disparate treatment in that white employees were "upgraded to [s]upervisory positions over Plaintiff, despite, in most cases, Plaintiff having clearly superior qualifications, time in grade, and tenure." Aplt. App. at 15. The Secretary moved for summary judgment, arguing that Wilson's

disparate treatment theory was flawed because Wilson was not similarly situated to upgraded white employees and because Wilson was neither performing supervisory duties nor seeking a vacant supervisor position. The district court denied the motion, finding triable issues of fact.

The Secretary next moved to dismiss for lack of jurisdiction, arguing that the remedy for a "federal wage-grade employee seeking reclassification" was through the Civil Service Reform Act of 1978 (CSRA). Aplt. App. at 195. The Secretary contended that Wilson "fail[ed] to utilize the available mandatory remedial scheme" of seeking classification review and then administratively appealing before turning to the Federal Circuit Court of Appeals. *Id.* Initially, the district court denied the motion, reasoning sua sponte that because Wilson's case was a mixture of discrimination and employment action appealable to the Merit Systems Protection Board (MSPB), the court had jurisdiction. [1] But on

---

[1] The CSRA gives the MSPB concurrent jurisdiction with the EEOC when the discrimination is related to or stems from a personnel action appealable to the MSPB, such as removal, suspension for more than 14 days, reduction in grade, reduction in pay, or furlough of 30 days or less. *See* 2 Barbara Lindemann & Paul Grossman, *Employment Discrimination Law* 1544, 1552-53 (3d ed. 1996); 5 U.S.C. § 7702(a)(1); *id.* § 7512; *Harms v. I.R.S.*, 321 F.3d 1001, 1005 (10th Cir. 2003). A mixed case may be initiated either via complaint with the agency's EEO office or via appeal with the MSPB. *Harms*, 321 F.3d at 1005. If the employee unsuccessfully takes the EEO-route, he or she can file an appeal with the MSPB or sue in federal district court. 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.302(d)(1)(ii); *id.* § 1614.310(a). If, on the other hand, the employee's initial trip is to the MSPB and unsuccessful, he or she can either appeal to the

(continued...)

reconsideration, the court concluded that Wilson's case was not mixed because the refusal to support a position upgrade is not appealable to the MSPB. [2] The court then inexplicably overlooked Wilson's exhaustion of EEOC remedies, [3] dismissed his disparate treatment claim for failing to exhaust the CSRA's reclassification remedies, and entered judgment for the Secretary.

Wilson moved to alter the judgment, arguing that he had never asserted anything other than "a classic Title VII claim of discrimination" and that the Secretary and the district court had recast his claim into "a non-claim of failure to seek classification of his position [and] failure to exhaust administrative remedies." *Id.* at 324. The district court denied the motion, ruling that Title VII "is preempted by the CSRA," *id.* at 368, and that Wilson nevertheless failed to allege an adverse employment action, *id.* at 369-71.

Wilson appealed.

---

[1](...continued)
EEOC or sue in federal district court. 5 C.F.R. § 1201.157; *id.* § 1201.175; 29 C.F.R. § 1614.310(b).

[2]     *See Pierce v. Merit Sys. Protection Bd.*, 242 F.3d 1373, 1375-76 (Fed. Cir. 2001).

[3]     In a non-mixed case, a federal employee claiming race discrimination must first consult an EEO counselor, 29 C.F.R. § 1614.105(a), and then file a complaint, as Wilson did, with the offending agency, *id.* § 1614.106. When the agency issues a final order regarding the complaint, the employee can appeal to the EEOC or sue in federal district court. *id.* § 1614.110(a); *id.* § 1614.407.

## DISCUSSION

The Secretary does not dispute that the district court had jurisdiction over Wilson's Title VII claim. [4] Aplt. Opening Br. at 15. Consequently, we proceed to examine the district court's alternative ruling that Wilson failed to allege an adverse employment action under Title VII.

### I. Standards of Review

Although an order denying a motion to alter the judgment is subject to abuse-of-discretion review, *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1213 (10th Cir. 2001), we employ de novo review of a dismissal for failure to state a claim, *Alexander v. Oklahoma*, 382 F.3d 1206, 1213 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 2257 (2005). "We will affirm a dismissal under Rule 12(b)(6) where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

---

[4] Contrary to the district court's ruling, the CSRA does not preempt Title VII. *See* 5 U.S.C. § 2302(d)(1) ("This section shall not be construed to extinguish or lessen . . . any right or remedy available to any employee or applicant for employment in the civil service under . . . section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), prohibiting discrimination on the basis of race, color, religion, sex, or national origin."); *see also James v. Norton*, 176 F. Supp. 2d 385, 394 (E.D. Pa. 2001) (observing that "the CSRA does not preempt any equitable relief authorized by Title VII"); *McDowell v. Cheney*, 718 F. Supp. 1531, 1543 n.9 (M.D. Ga. 1989) (stating that "the CSRA, by its own terms, does not preempt an action brought under Title VII"). For an overview of the interplay between the CSRA and Title VII, see 2 Lindemann & Grossman, *supra* note 1, at 1544.

*Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003) (quotation marks omitted).

## II.  Adverse Employment Action

Title VII requires that "personnel actions affecting employees . . . in military departments . . . be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).  An adverse employment action is an indispensable prerequisite in a Title VII disparate treatment case that contains no direct evidence of intentional discrimination. *See Davis v. Town of Lake Park*, 245 F.3d 1232, 1246 (11th Cir. 2001); *see, e.g.*, *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998) (determining that employee's prima facie case of sex and age discrimination failed because of no adverse employment action).  "This circuit, in recognition of the remedial nature of Title VII, liberally defines what constitutes an adverse employment action." *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1241 (10th Cir. 2002) (quotation marks and brackets omitted).  An adverse action includes conduct that "significant[ly] change[s] . . . employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1150 (10th Cir. 2005) (quotation marks omitted).  Conversely, conduct that has no more than a de minimus impact on the employee's future job opportunities

is not an adverse employment action. *Hillig v. Rumsfeld*, 381 F.3d 1028, 1033 (10th Cir. 2004).

Wilson argues that the range manager's refusal to support his verbal upgrade request was an adverse employment action. But the ultimate decision to upgrade rests with the Office of Personnel Management (OPM), not the range manager. *See* 5 U.S.C § 5346(c); 5 C.F.R. § 532.705. Consequently, the range manager's refusal to support Wilson's upgrade request, even if discriminatory, had no more than a de minimus impact on Wilson's future job opportunities. Wilson retained the ability to formally apply for an upgrade by submitting a written application for review by the Department of Defense's Civilian Personnel Management Service, *Department of Defense Civilian Personnel Manual*, subch. 511.5.1.1 (1996), *available at* http://www.dtic.mil/whs/directives/corres/html/140025m.htm; 5 C.F.R. § 532.701; *id.* § 532.703(b)(2), and then appealing any unsatisfactory decision to the OPM, *id.* § 532.705(a)(1).

We reject Wilson's attempt to show an adverse employment action by contrasting the range manager's inaction with a "supervisor['s]" sua sponte request for an audit of a white employee's position that eventually resulted in a classification upgrade, Aplt. Opening Br. at 20. Wilson neither contends that the "supervisor's" request for an audit was significant to the white employee's

eventual upgrade nor that the range manager's refusal to support Wilson's verbal upgrade request was significant to Wilson's non-upgrade, *id.* Classification upgrades are dependent upon "the duties, responsibilities, and qualification requirements of the position," not on the identity of the party requesting an audit or upgrade. 5 U.S.C. § 5346(c)(1); *see also id.* § 5112(a)(1).

Wilson also argues that the district court had no authority to dismiss his Title VII case for failure to state a claim when (1) the issue before the court was failure to exhaust administrative remedies and (2) the court had earlier denied summary judgment to the Secretary. Wilson distorts the district court proceedings. The Secretary raised the lack of an adverse employment action in his motion for reconsideration of the order denying his motion to dismiss. Aplt. App. at 244-45. Although the district court did not rely on that ground when it granted reconsideration, dismissed Wilson's Title VII case, and entered judgment for the Secretary, Wilson nevertheless raised the adverse-action issue in his subsequent motion to alter the judgment, *id.* at 332-34, and the Secretary responded, *id.* at 352-54. Consequently, when the district court denied Wilson's motion to alter the judgment on the alternative grounds of failure to exhaust administrative remedies and failure to plead an adverse employment action, the latter ground was properly before the district court. And while the district court

had earlier denied the Secretary's summary judgment motion, the issue of adverse employment action was not raised in the motion or in the court's order. *Id.* at 48-53, 188-90.

## CONCLUSION

The district court did not err in dismissing Wilson's Title VII case for failing to plead a viable claim. Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge
