**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BERNARD HORNE,

    Plaintiff-Appellant,

v.

DON MCCALL; DONICE NEAL;
EUGENE ATHERTON; MARY
SMITH NEAL; CATHY SLACK;
JOHN W. SUTHERS; BRAD
ROCKWELL; DR. MARY WEST;
DENNIS KLEINSASSER; DON
LAWSON; FRANK RUYBALID,
LARRY REID; DENNIS BURBANK;
STEVE SCHUH; RUL WRIGHT;
D. LINAM; VICKIE RIDDLE; GREG
FOSTER; DAVID HOLD; JOHN
STONER; ORVILLE NEUFELD,
M.D.; JUDY LINDSEY; CONNIE
CELLA; SHIRLEY PENKOFF;
KAREN COOPER;
DAN SCHLESINGER; CHARLES
SANCHEZ; EDWIN BEAUCHAMP,
in their individual and official
capacities,

    Defendants-Appellees.

No. 05-1274
(D.C. No. 01-CV-1619-LTB/BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

Bernard Horne, a state prisoner appearing pro se, brought this lawsuit under 42 U.S.C. § 1983 against twenty-eight prison officials alleging they (1) deliberately destroyed his property (and state court post-deprivation proceedings on this issue were inadequate); (2) retaliated against him for practicing his religion; (3) illegally seized his blood for DNA testing; (4) labeled him a sex offender without due process; (5) treated white inmates better than black inmates and hindered his ability to work on legal filings by removing two books from the law library; and (6) restricted his privileges for refusing to submit to tuberculosis testing.[1]  The district court adopted the magistrate judge's

---

[*](...continued)
therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     Defendant Frank Ruybalid proceeded separately from the other twenty-seven defendants.  Mr. Horne's notice of appeal and docketing statement list Mr. Ruybalid as a party to this appeal, but Mr. Horne's opening brief does not take issue with the district court's ruling for Mr. Ruybalid, thereby waiving any such challenge. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (stating appellant's failure to raise issue in opening brief waives the point).  Likewise, even though Mr. Horne identifies defendants as parties to this appeal in their *official* capacities, his opening brief fails to raise and therefore waives any argument that the district court erred in dismissing Mr. Horne's official-capacity claims. *See id.*

-2-

recommendation that defendants' Fed. R. Civ. P. 12(b)(6) motion be granted in part and denied in part. Thereafter, the magistrate judge recommended that defendants' summary judgment motion on Mr. Horne's remaining claims be granted in part and denied in part; the district court, however, granted the summary judgment motion in its entirety. Judgment was entered for all defendants on all claims. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[2]

We review de novo a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion. *Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003). We will affirm a district court's grant of a 12(b)(6) motion when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted). We also reveiw de novo a district court's summary judgment ruling, using the same standard as the district court under Fed. R. Civ. P. 56(c). *Id.* Thus, we will affirm the grant of summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[2] Although we recognize that Mr. Horne is proceeding pro se, he failed to attach to his appellate brief those documents required by 10th Cir. R. 28.2(A)(1). We admonish appellees' counsel for not complying with 10th Cir. R. 28.2(B), which requires the appellee to include with his brief all relevant rulings not attached to the appellant's brief.

On appeal, Mr. Horne challenges the district court's rulings for defendants and against him on each of the six claims listed above.[3]  Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we conclude that Mr. Horne has not shown any reversible error in this case.  We therefore AFFIRM the challenged decisions for substantially the same reasons as stated in the magistrate judge's recommendation dated March 3, 2003 (R. Doc. 93), and in the district court's orders dated April 23, 2003 (R. Doc. 109) and May 9, 2005 (R. Doc. 249).  Further, we remind Mr. Horne that he must continue making partial payments until the entire balance of the appellate filing fee is paid.  The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge

---

[3]      Mr. Horne's complaint contained eight claims.  On appeal he identifies and argues only the six we listed.  The two claims he has not addressed in his opening brief are waived.  *See State Farm*, 31 F.3d at 984 n.7.