**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARK HOWARD,

      Plaintiff-Appellant,

v.

COUNTY OF LAS ANIMAS in the
STATE OF COLORADO;
LAS ANIMAS COUNTY SHERIFF
JAMES CASIAS; ANTHONY
BOCCACCIO; HENRY GUZZO;
LAS ANIMAS COUNTY SHERIFF'S
DEPARTMENT,

      Defendants-Appellees.

Nos. 05-1294, 05-1515 & 05-1542
(D.C. No. 04-CV-388 (EWN-MJW))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This Title VII employment discrimination case involves three consolidated appeals. (1) In appeal number 05-1294, from which the other two appeals stem, Mark Howard, a white male, challenges the district court's May 20, 2005, review of the magistrate judge's denial of his motion to amend his complaint to add additional claims against Las Animas County. He also challenges the court's grant of summary judgment to Anthony Boccaccio, the Las Animas County Sheriff James Casias, Henry Guzzo, and the Las Animas County Sheriff's Department (Mr. Howard's former employer), as well as the court's grant of Las Animas County's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (2) In appeal number 05-1515, Mr. Howard challenges the district court's November 8, 2005, order awarding attorney fees and costs, and, (3) in appeal number 05-1542, he challenges the court's November 28, 2005, denial of his self-styled Fed. R. Civ. P. 60 motion seeking relief from the award. We have jurisdiction under 28 U.S.C. § 1291 and affirm all three decisions.

The parties are familiar with the facts and procedural history of this case and we need not restate either here. The May 20 order of the district court, consistent with Fed. R. Civ. P. 72(b), treated the magistrate judge's denial of Mr. Howard's motion to amend as a recommendation concerning a dispositive matter. Noting that Mr. Howard failed to object to the magistrate judge's ruling on the motion to amend, the district court reviewed the decision for clear error and held that the magistrate judge did not exceed his authority under Rule 72(b)

by denying as futile Mr. Howard's motion since Las Animas County was not Mr. Howard's employer.

The court then turned to the six claims Mr. Howard set forth in his first amended complaint.[1] But before delving into the claims, the court acknowledged our precedent which holds that "personal capacity suits against individual supervisors are inappropriate under Title VII." *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (relying on *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993)). Accordingly, it granted summary judgment to Mr. Guzzo and Mr. Boccaccio, who were sued only in their individual capacities, on all claims. In so holding, the court observed that neither party supervised Mr. Howard as contemplated by Title VII. The court also granted Sheriff Casias summary judgment on all claims against him in his individual capacity.

Because it was unclear whether Mr. Howard had asserted any claims against Sheriff Casias in his official capacity, or against the Sheriff's Department, the district court assumed that he had and analyzed each claim as to each defendant. Construing Mr. Howard's first claim to be one for quid pro quo sexual harassment, the district court held that Sheriff Casias and the Department were

---

[1] Mr. Howard's inartfully drafted first amended complaint lists the following claims for relief: (1) sexual harassment, (2) hostile work environment due to complaints of sexual harassment—quid pro quo, (3) retaliation by firing plaintiff for his complaints of sexual harassment—quid pro quo, (4) racial harassment, (5) hostile work environment due to racial harassment—quid pro quo, and (6) retaliation by firing plaintiff for his complaints of racial harassment—quid pro quo.

entitled to summary judgment because the only evidence supporting the claim was Mr. Howard's affidavit (contradicting his prior deposition testimony) that, it held, must be disregarded because it was an attempt to create a sham issue of fact. Construing Mr. Howard's second claim to be one for hostile work environment based on sexual harassment, the court observed that the comments complained of were not actionable, and even if they were, that Sheriff Casias and the Department were entitled to summary judgment because neither possessed actual or constructive knowledge of the complained-of comments.

The court next construed Mr. Howard's fourth and fifth claims as one claim for hostile work environment due to racial harassment, holding that Sheriff Casias and the Department were entitled to summary judgment on this claim because even if Mr. Howard were a proper plaintiff (a traditional minority employee), he had failed to allege the requisite barrage of opprobrious racial comments.

Finally, with respect to Mr. Howard's third and sixth claims for relief (retaliation for complaints of sexual and racial harassment), the district court held that Sheriff Casias and the Department were entitled to summary judgment because even if Mr. Howard's letter could be construed as protected opposition to Title VII discrimination, it did not mention sexual or racial harassment, thereby making it illogical to conclude that either party terminated Mr. Howard for complaining about such harassment.

Mr. Howard was represented by counsel in the district court, but he proceeds pro se on appeal. We liberally construe his pro se appellate filings. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). Mr. Howard raises eleven issues. He contends the district court erroneously (1) held his affidavit to be a sham, (2) failed to view the evidence in the light most favorable to him, (3) created confusion over the scope of authority that a magistrate judge possesses under Rule 72(b), (4) held that his motion to amend was properly denied as futile, (5) held that he failed to demonstrate a prima facie case of hostile work environment due to racial harassment, (6) held that he failed to demonstrate a prima facie case retaliation, (7) found that Mr. Boccaccio was not his supervisor, (8) found that Mr. Guzzo was not his supervisor, (9) held that the operative pleading in this case was his first amended complaint, (10) held that Sheriff Casias could not be held individually liable, and (11) awarded attorney fees and costs.[2]

As previously noted, Mr. Howard did not object to the magistrate judge's denial of his motion to amend. Accordingly, issues three and four are waived. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005).

We review de novo the district court's summary judgment rulings, using the same standard as the district court under Fed. R. Civ. P. 56(c). *Hartman v.*

_____

[2]     As far as we can tell, Mr. Howard's former counsel satisfied the sanction imposed against her pursuant to 28 U.S.C. § 1927; therefore, only costs are at issue on appeal.

*Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003). We will affirm the grant of summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We also review de novo the district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion. *Hartman*, 319 F.3d at 1234. We will affirm a district court's grant of a 12(b)(6) motion when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted). We review for abuse of discretion the district court's decision to disregard Mr. Howard's affidavit after determining it was an attempt to create a sham issue of fact. *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1016 (10th Cir. 2002). We likewise review for abuse of discretion the district court's award of costs under 28 U.S.C. § 1920, *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1012 (10th Cir. 2001), and its denial of Mr. Howard's Fed. R. Civ. P. 59(e) motion, *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).[3]

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we conclude that Mr. Howard has not shown any reversible error in this case. We therefore AFFIRM the challenged decisions for

---

[3] As previously mentioned, Mr. Howard's motion for relief from the award of attorney fees and costs was styled as a Rule 60 motion, but because it was filed "within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e)," *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

substantially the same reasons as stated in the district court's orders dated May 20, 2005, November 8, 2005, and November 28, 2005. We DENY Mr. Howard's motions for leave to proceed on appeal without prepayment of costs or fees for appeal numbers 05-1515 and 05-1542. Mr. Howard shall remit to the clerk of the district court the full amount of the prescribed fees, for each appeal, within twenty days of the date of this order and judgment.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge