FILED
United States Court of Appeals
Tenth Circuit

October 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BERNARD KENNETH RIVERS, JR.-
EL,

      Plaintiff-Appellant,

v.

JAMES HARTMANN, Judge, 19th
Judicial Court, Weld County,
Colorado,

      Defendant-Appellee.

No. 12-1147

(D.C. No. 1:11-cv-02171-CMA-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Bernard Kenneth Rivers, Jr.-El, appearing pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

On August 19, 2011, Rivers filed a complaint in the district court of Colorado alleging that defendant James Hartmann, a state-court judge, violated his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments. The complaint stemmed from Hartmann's dismissal of Rivers' request to appoint a special prosecutor, pursuant to Colo. Rev. Stat. § 16-5-209, to investigate various officials involved in the prosecution of an earlier DUI case filed against Rivers. The charges against Rivers had been dismissed after the arresting officer failed to appear and evidence from the arrest was suppressed.

Rivers listed the following constitutional violations in his complaint:

> 1) Judge violated the First Amendment "by barring natural person's federal claims."
> 2) Judge violated Supremacy Clause "by not providing a hospitable forum for federal claims and the vindication of federal right."
> 3) Judge on Jan. 24, 2011 provided a [case management order] and "purposely waited until the day of court on [July 19, 2011] to inform Plaintiff [it] was incorrect," showing "bad faith and slanting" toward defendants and violating the Fifth Amendment.
> 4) Judge potentially engaged in criminal acts of treason, extortion, and violations of interstate commerce because he was automatically disqualified from the case and thus acting without jurisdiction.
> 5) Judge refused to disqualify himself despite "an obvious

2

conflict of interest" violating due process.
6) Judge acted unconstitutionally in ignoring Fourth Amendment violations.
7) Judge acted unconstitutionally in ignoring Fifth Amendment violations and the destruction of Brady evidence.
8) Judge acted unconstitutionally when he violated Article V, Clause III.
9) Judge violated the Equal Protection Clause of the Fourteenth Amendment by treating minority suspiciously.
10) Judge "showed reckless candor and prejudice to the administration of justice."

ROA Vol. I at 5-6. He sought: 1) injunctive relief requiring defendant to vacate his dismissal order; 2) declaratory relief as court "deem[ed] appropriately just"; 3) other relief the court deemed just; and 4) costs for his litigation.

Defendant filed a motion to dismiss, in which he argued: 1) he was entitled to absolute judicial immunity; 2) the court lacked subject-matter jurisdiction under the Rooker-Feldman doctrine; and 3) the Eleventh Amendment barred claims for damages and retrospective relief. Rivers countered by filing a motion for summary judgment.

The magistrate judge issued a recommendation that the motion to dismiss be granted, and the motion for summary judgment be denied as moot. The magistrate judge concluded that: 1) defendant was entitled to absolute judicial immunity; 2) 42 U.S.C. § 1983 barred injunctive relief against a judicial officer; 3) there was no basis for declaratory relief; 4) the court lacked subject-matter jurisdiction under the Rooker-Feldman doctrine; and 5) defendant was entitled to immunity under the Eleventh Amendment. The district court subsequently

3

entered an order adopting this recommendation.  Plaintiff now appeals.

## II

"Because [plaintiff] proceeds pro se, we construe his pleadings liberally."

Ledbetter v. City of Topeka, Kansas, 318 F.3d 1183, 1187 (10th Cir. 2003).

Plaintiff[1] appears in his appellate brief to challenge: 1) district court's failure to

construe his pleadings liberally; 2) the grant of judicial immunity; and 3) the

application of the Rooker-Feldman doctrine.  Even assuming the Rooker-Feldman

doctrine did not deprive the court of subject-matter jurisdiction, we affirm.

"We review de novo a district court's dismissal of a claim under Fed. R.

Civ. P. 12(b)(6)".  Al-Owhali v. Holder, 687 F.3d 1236, 1239 (10th Cir. 2012).

The crucial inquiry is "whether the complaint contains enough facts to state a

claim to relief that is plausible on its face."  Ridge at Red Hawk, LLC, v.

Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 554, 570 (2007).[2]  "[T]he mere metaphysical possibility that

*some* plaintiff could prove *some* set of facts in support of the pleaded claims is

insufficient; the complaint must give the court reason to believe that *this* plaintiff

---

[1]  Plaintiff also accuses the magistrate and district court judges of various civil and criminal violations.  We need not consider these allegations on appeal.

[2]  The plaintiff asks us to apply the standard of Conley v. Gibson, 355 U.S. 41 ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").  But the Supreme Court rejected this standard in Twombly. See Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).

has a reasonable likelihood of mustering factual support for *these* claims." Id. (emphasis in original).

Judges have absolute judicial immunity for acts taken in their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 360 (1978). The doctrine has only two exceptions. "First, a judge is not immune from liability for . . . actions not taken in the judge's judicial capacity." Mireles v. Waco, 502 U.S. 9, 11 (1991). "Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." Id. at 12. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Id. at 356-57.

Rivers has not set forth any facts suggesting the judge did not act in his judicial capacity. He asserted in his complaint the judge lacked jurisdiction because he was "automatically disqualified by law."[3] ROA Vol. I at 5. Rivers alleged bias and unconstitutional deprivation of his rights to due process, as evidenced by the judge's failure to inform him of the invalid case management order. But given the proofs required to negate a judicial immunity defense, we cannot say plaintiff has pled sufficient facts to prove the judge took action "in

---

[3] We note that in his reply brief, plaintiff cited only to the disqualification statute for *federal* judges.

5

complete absence of all jurisdiction."

Rivers did not challenge in his opening brief the district court's rulings on the unavailability of injunctive relief, his claims for declaratory relief, or the Eleventh Amendment immunity bar. Although he raises a challenge to the declaratory relief ruling in his reply brief, we generally considered waived arguments not made in a party's opening brief. Toevs v. Reid, 685 F.3d 903, 911 (10th Cir. 2012). We have applied this rule to even pro se litigants. See, e.g., Horne v. McCall, 171 Fed. App'x 246, 248 n.3 (10th Cir. 2006). We do not "assume the role of advocate" for a pro se appellant, and his status does not relieve him of his "obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure." Merryfield v. Jordan, 584 F.3d 923, 924 n.1 (10th Cir. 2009) (citations and quotations omitted).

We AFFIRM the district court's dismissal of Rivers' claims under 42 U.S.C. § 1983. We DENY Rivers' motion to proceed in forma pauperis.

Entered for the Court


Mary Beck Briscoe
Chief Judge

6