**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDDIE SANTANA,

      Plaintiff-Appellant,

v.

MUSCOGEE (CREEK) NATION,
ex rel. River Spirit Casino,

      Defendant-Appellee.

No. 12-5046
(D.C. No. 4:11-CV-00782-JHP-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

The Indian Gaming Regulatory Act ("IGRA") provides for "class III gaming"

activities on Indian lands pursuant to a valid compact between states and Indian

tribes. 25 U.S.C. § 2710(d)(1)(C). Eddie Santana, a self-professed gambling addict,

invoked Oklahoma's tribal gaming compact with the Muscogee (Creek) Nation

---

[*] After examining appellate record, this panel has unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("Creek Nation") to sue the tribe in Oklahoma state court. Similar to allegations he raised in a previously dismissed federal suit, *see Santana v. Cherokee Casino*, 215 F. App'x 763, 764 (10th Cir. 2007), Mr. Santana claimed the Creek Nation induced him to gamble at its casino, resulting in the tribe's unjust enrichment. Unlike his previous suit, however, Mr. Santana has invoked the tribal-state gaming compact as a predicate for state-court jurisdiction. He asserts that by executing the compact, the Creek Nation consented to suit in Oklahoma state courts. He therefore sought to recover $49,000 of the $60,000 in student loan money he allegedly lost gambling.

The Creek Nation removed the suit to federal court and moved to dismiss for lack of jurisdiction based on tribal immunity. The tribe acknowledged that the IGRA authorizes states to acquire limited civil jurisdiction over Indian casinos via the tribal-state compacting process for the purpose of regulating gaming activities. But the Creek Nation argued that its compact with Oklahoma did not extend jurisdiction to Oklahoma state courts to hear civil tort claims against the tribe. The district court agreed and granted the motion to dismiss, ruling that nothing in the compact waived tribal immunity from civil tort suits brought in state or federal court.

We review the district court's dismissal based on tribal immunity de novo, *Miner Elec., Inc. v. Muscogee (Creek) Nation*, 505 F.3d 1007, 1009 (10th Cir. 2007), and agree with the district court's analysis. "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has

waived its immunity." *Id.* (brackets and internal quotation marks omitted). A waiver of tribal immunity must be clear and unequivocal; it cannot be implied. *Id.* at 1010.

The IGRA authorizes states and Indian tribes to execute compacts allocating "criminal and civil jurisdiction between the State and the Indian tribe necessary for the enforcement" of gaming laws and regulations. 25 U.S.C. § 2710(d)(3)(C)(ii). Pursuant to this authorization, Oklahoma and the Creek Nation executed the Model Tribal Gaming Compact to provide a limited waiver of tribal sovereign immunity for certain tort and prize claims. *See* 3A Okla. Stat. Ann. § 281; 70 Fed. Reg. 18041-01 (Apr. 8, 2005). Relevant here, Part 6(A)(2) of the compact states that the "tribe consents to suit on a limited basis with respect to tort claims subject to" certain other limitations in the compact. 3A Okla. Stat. Ann. § 281, Part 6(A)(2). The compact further provides that "[t]he tribe consents to suit against the [tribal gaming] enterprise in a court of competent jurisdiction with respect to a tort claim or prize claim if all requirements [specified] have been met." *Id.*, Part 6(C). Although the compact does not define a "court of competent jurisdiction," it does expressly provide that "[t]his Compact shall not alter tribal, federal or state civil adjudicatory or criminal jurisdiction," *id.*, Part 9.

Nothing in these or any other provision of the compact unequivocally waives the Creek Nation's immunity to individual civil tort suits in Oklahoma state court. The IGRA only authorizes the extension of state jurisdiction to enforce criminal and civil laws and regulations "directly related to, and necessary for, the licensing and

- 3 -

regulation" of tribal gaming activities. 25 U.S.C. § 2710(d)(3)(C)(i); *see also*
*Mescalero Apache Tribe v. New Mexico*, 131 F.3d 1379, 1385 (10th Cir. 1997)
("IGRA waived tribal sovereign immunity in the narrow category of cases where
compliance with IGRA's provisions is at issue and where only declaratory or
injunctive relief is sought."). Although the compact itself waives tribal immunity for
tort and prize claims in a "court of competent jurisdiction," 3A Okla. Stat. Ann.
§ 281, Part 6(C), the term "court of competent jurisdiction" does not alone confer
jurisdiction on state courts because states are generally presumed to lack jurisdiction
in Indian Country, *see California v. Cabazon Band of Mission Indians*, 480 U.S. 202,
216 n.18 (1987); *Indian Country, U.S.A., Inc. v. Oklahoma ex rel. Okla. Tax
Comm'n*, 829 F.2d 967, 981 (10th Cir. 1987) (finding no clear congressional intent to
permit Oklahoma's assertion of jurisdiction on the Creek Nation's tribal lands).
Consequently, there must be some other provision that clearly and unequivocally
waives tribal immunity to extend jurisdiction to Oklahoma state courts. And as we
read the compact, there is none.

Instead, the compact says it does not alter tribal, federal, or state jurisdiction.
Accordingly, several federal judges in Oklahoma have concluded the phrase "court of
competent jurisdiction" refers to tribal courts—not state courts—because state courts
"have no authority over conduct by a tribal entity occurring on tribal land unless such
authority is expressly granted to them." *Muhammad v. Comanche Nation Casino*,
No. CIV-09-968-D, 2010 WL 4365568, at *9 (W.D. Okla. Oct. 27, 2010); *see also*

- 4 -

*Harris v. Muscogee (Creek) Nation*, No. 11-CV-654-GKF-FHM, 2012 WL 2279340, at *4 (N.D. Okla. June 18, 2012) (finding no waiver of tribal immunity in part because a "court of competent jurisdiction" refers to tribal courts not Oklahoma state courts); *Comanche Nation v. Oklahoma*, No. 5:10-CV-01339-W (W.D. Okla. Dec. 28, 2010) (enjoining the State of Oklahoma and its officials from exercising civil-adjudicatory jurisdiction over compact-based tort and prize claims in part because "court of competent jurisdiction" refers only to tribal courts); *Choctaw Nation of Okla. v. Oklahoma*, No. CIV-10-50-W, 2010 WL 5798663, at *4 (W.D. Okla. June 29, 2010) (same).[1] Hence, because there is no express grant of jurisdiction to hear compact-based tort suits against the Creek Nation in state court, the phrase "court of competent jurisdiction" does not include Oklahoma's state courts.

As the district court recognized, other provisions of the compact support this conclusion. Part 6(A) of the compact charges the tribe, not the state, with ensuring

---

[1] We recognize the Oklahoma Supreme Court has ruled in plurality decisions that Oklahoma state courts are courts of competent jurisdiction to exercise civil adjudicatory authority over non-Indian tort claims brought against tribal casinos. *See Cossey v. Cherokee Nation Enters., LLC*, 212 P.3d 447, 460 (Okla. 2009); *see also Griffith v. Choctaw Casino of Pocola*, 230 P.3d 488, 498 (Okla. 2009) (per curiam); *Dye v. Choctaw Casino of Pocola*, 230 P.3d 507, 510 (Okla. 2009) (per curiam). We are not bound by the plurality opinions in these cases, however, because "federal law, federal policy, and federal authority are paramount in the conduct of Indian affairs in Indian Country." *Seneca-Cayuga Tribe of Okla. v. Oklahoma*, 874 F.2d 709, 712-13 (10th Cir. 1989); *see also id.* at 712 n.2 (declining to be bound by inconsistent state law and rejecting argument that Indian tribes are subject to the jurisdiction of Oklahoma courts).

that patrons are afforded due process. *See* 3A Okla. Stat. Ann § 281, Part 6(A) ("The enterprise shall ensure that patrons of a facility are afforded due process in seeking and receiving just and reasonable compensation for a tort claim for personal injury or property damage."). Part 6(A)(4)-(10) establishes the procedure by which tort claims are filed with and processed by tribal officials. And Part 5(A) obligates the tribe to promulgate rules and regulations necessary to implement the compact. Given these provisions and the absence of any clear and unequivocal waiver of immunity to suit in Oklahoma state courts, the district court correctly concluded that there was no jurisdiction to hear Mr. Santana's case.[2]

Accordingly, the judgment of the district court is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[2] Mr. Santana also contends the district court abused its discretion in denying his motion to join the State of Oklahoma as a party defendant, but we perceive no error. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 921 (10th Cir. 2005) (finding no error in denial of motion to amend to add a party where claim remained barred by sovereign immunity).