FILED
United States Court of Appeals
Tenth Circuit

March 21, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYAN JAMES GARDNER,

Defendant - Appellant.

No. 16-4196
(D.C. Nos. 2:16-CV-00022-TC and
2:13-CR-00016-TC-1)
(D. Utah)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

---

Defendant-Appellant Bryan James Gardner, a federal inmate appearing pro

se, seeks a certificate of appealability ("COA") to appeal from the district court's

denial of his motion to vacate, set aside, or correct his sentence. 28 U.S.C.

§ 2255. To obtain a COA, Mr. Gardner must make "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court

concluded that Mr. Gardner's motion was time-barred and otherwise failed on the

merits. Gardner v. United States, Nos. 2:16-CV-22 TC, 2:13-CR-16 TC, 2016

WL 5374099, *1 (D. Utah Sept. 26, 2016).

The district court denied the motion on a procedural ground, thus Mr.

Gardner must show that "jurists of reason would find it debatable whether the

[motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because we determine the district court's time-bar decision is not reasonably debatable, we deny a COA and dismiss the appeal.

In February 2013, Mr. Gardner pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to ten years' incarceration, followed by lifetime supervision. Nearly two-and-a-half years later, Mr. Garner filed his § 2255 motion based on three grounds. The district court denied Mr. Gardner's petition as untimely and declined to apply equitable tolling.

On appeal Mr. Gardner argues the merits of his § 2255 motion, rather than the timeliness and equitable tolling issues. Aplt. Br. at 1–2. Although we are mindful that Mr. Gardner is pro se, the failure to address these issues constitutes waiver. E.g., Horne v. McCall, 171 F. App'x 246, 247 n.1 (10th Cir. 2006) (citing State Farm Fire & Cas. Co. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994)).

Regardless, the district court's resolution of these issues is not reasonably debatable. Mr. Gardner had one year from the date on which the judgment of conviction became final to file his § 2255 petition. 28 U.S.C. § 2255(f)(1). Judgment was entered in Mr. Gardner's criminal case on August 8, 2013. 3 R. 37.

Because he did not file a direct appeal, that judgment became final on August 22, 2013, see Fed. R. App. P. 4(b)(1)(A)(i); United States v. Prows, 448 F.3d 1223, 1227–28 (10th Cir. 2006), and the one-year limitations period expired on August 22, 2014.  Mr. Gardner's § 2255 motion was filed January 7, 2016, 1 R. 1, so it was untimely, absent equitable tolling.  Equitable tolling, however, "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Having reviewed Mr. Gardner's brief, the district court's decision, and the record on appeal, we find no extraordinary circumstances that warrant equitable tolling. See id. ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)).

Accordingly, we DENY a COA, DENY IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 3 -