991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis L. FRITZ, Plaintiff-Appellant,
v.
Diane HAMMONS, Asst. Attorney General; Criminal Court of
Appeals; Judges of the Criminal Court of Appeals,
Honorables James F. Lane, Gary L. Lumpkin, Tom Brett, Ed H.
Parks, and Charles A. Johnson. Defendants-Appellees.
 No. 92-6360.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's dismissal of his 42 U.S.C. §§ 1983 and 1985 claims. Plaintiff filed suit in the court below, seeking damages and injunctive relief, against an Oklahoma assistant attorney general and the judges of the Oklahoma Court of Criminal Appeals for alleged actions relating to Plaintiff's direct appeal of his criminal conviction. Plaintiff alleged that the assistant attorney general misrepresented the record in an appellate brief and the Court of Criminal Appeals relied on the alleged misrepresentation in denying his appeal. The district court dismissed Plaintiff's action as frivolous under 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291, and we review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 2
 Frivolous or malicious claims are properly dismissed under § 1915(d). Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir.1991). A complaint is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim against defendants who are clearly immune from suit is legally frivolous. Id. at 327.
 
 
 3
 Prosecutors are entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). The preparation of an appellate brief is without question intimately associated with the judicial phase of the criminal process. Thus, the assistant attorney general is absolutely immune from Plaintiff's suit for damages.
 
 
 4
 Judges are also entitled to absolute immunity from suits for civil damages when such suits are predicated on the performance of judicial acts. Schepp v. Fremont County, 900 F.2d 1448, 451 (10th Cir.1990). Denying an appeal is clearly a judicial act; accordingly, the judges here are absolutely immune from Plaintiff's suit for damages.
 
 
 5
 Absolute immunity is not a bar, however, to injunctive relief against a judicial officer acting in his judicial capacity or a prosecutor performing functions associated with the judicial phase of the criminal process. See Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). Despite this lack of immunity as to injunctive relief, Plaintiff's claim still fails because Plaintiff's request is for immediate release from prison. The sole federal remedy for a challenge to the fact or duration of imprisonment is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
 
 
 6
 In the absence of "an arguable basis in law or in fact," petitioner's request to proceed in forma pauperis is DENIED, and the appeal is DISMISSED. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(d).
 
 
 7
 SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3