**Damon Javon WALKER,**

v.

**Mayor SCHMOKE and the Head of the Baltimore City Police Department Commissioner Frazier.**

**Civil No. S 97–1320.**

United States District Court,
D. Maryland.

April 28, 1997.

Damon Javon Walker, Baltimore, MD, pro se.

## MEMORANDUM OPINION

SMALKIN, District Judge.

In a *pro se* filing, one Damon Savon Walker, age 19, sues Baltimore's Establishment, as represented by her Mayor and Police Commissioner.

Mr. Walker's complaint is a short and sad one. It relates that he was shot three times by one who wanted to rob him of his jacket and his money. He states that this assault occurred in front of a popular nightclub in the newly re-invigorated Camden Yards area of the City of Baltimore. He complains that the Baltimore City Police Department has failed to do its job in investigating this matter. For relief, Mr. Walker seeks no aggrandizement of his fame or increase of his fortune, but merely prays, "I would ask the Court to, in future of [sic] all shooting cases, to be made to investigate the shooting cases in a better matter." The Court interprets this as a request for injunctive relief aimed at improving the detection and prosecution of shooting crimes in the City of Baltimore.

In that there is obviously no diversity of citizenship between Mr. Walker and the defendants, the Court has no jurisdiction to consider this complaint under 28 U.S.C. § 1332. That leaves only a possibility of federal question jurisdiction under 28 U.S.C. § 1331, if the complaint is based upon a federally enforceable right. 42 U.S.C. § 1983.

Of course, there are myriad reasons why this complaint is, in the eyes of the law, "legally frivolous," starting with the vague scope of the relief sought, and ending with the realization that *no* federal appellate court, including the Supreme Court (and the appellate courts, not the trial courts, make legal policy) has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence. *See, e.g., Sattler v. Johnson,* 857 F.2d 224 (4th Cir. 1988).

Because Mr. Walker is a *pro se* litigant, he certainly cannot be faulted for thinking that, mechanisms of his local government having failed him in the most important quest of his life—to bring his assailant to justice—the federal government could be turned to for redress through its courts. This makes perfect common sense. After all, have the federal courts not "recognized," in the past three decades, countless examples of rights that they will enforce, including, just to pick one out of the air, rights of prison inmates—like the person who should be behind bars for shooting Mr. Walker—to have exercise opportunities outside of their cells? *See, e.g., Sweet v. South Carolina Dept. of Corrections,* 529 F.2d 854, 865–66 (4th Cir.1975).

And perhaps Mr. Walker, despite his youth and the poverty which has caused him to seek to proceed here in *forma pauperis,* is a student of history and is aware of an ancient maxim, its origins lost in the mists of a less enlightened time, that seems somehow to have escaped the raised consciousness of progressive legal thought, *viz., "Salus populi suprema lex."* In the headlong rush to recognize individual rights, it seems that one— the very one that lies at the base of Mr. Walker's complaint, *i.e.,* the right to live a peaceful life secure in one's person and property from predation by one's fellow man— has been left out, and who can blame him for not understanding why?

With some strong sense of the injustice of it all, and with apologies to Mr. Walker for having to ignore his simple and understanda-

ble plea, the Court must order its summary dismissal, as it is "legally frivolous" under prevailing notions of what rights of the ordinary citizen the Constitution should protect.