**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

KEVIN RUTHERFORD,

      Plaintiff-Appellant,

v.

JOHN ANDERSON, Judge; JULIE
MARSHALL, Judge; KENNETH
PLOTZ, Chief Judge; EDWARD
RODGER, District Attorney;
NORMAN COOLING, Asst. District
Attorney; THE JUSTICE OF THE
SUPREME COURT OF COLORADO,

      Defendants-Appellees.

No. 01-1160
(D.C. No. 00-Z-2212)
(D. Colo.)

_____

**ORDER AND JUDGMENT** *

_____

Before **MURPHY** , **McKAY** , and **BALDOCK** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

This appeal is taken from a district court judgment dismissing plaintiff's action brought pursuant to 42 U.S.C. § 1983.  He also seeks leave of this court to proceed on appeal without prepayment of costs or fees.

Plaintiff alleged that the defendants, several state court judges, two district attorneys and an unknown (and unnamed) justice of the state supreme court, violated his federal constitutional rights by failing to prosecute (or require the prosecution of) a particular correctional officer for sexual assault (unauthorized viewing of his genitals) and other officials for theft or destruction of personal property.  Plaintiff did not name as a party to this action either the correctional officer who allegedly assaulted him or any other particular defendant for the alleged theft or destruction of his property.  As relief, he seeks to have his case returned to the state district court for proper handling as a criminal matter.

It appears that he filed administrative grievances within the prison system, but that relief was denied.  He then sought to have prison officials criminally prosecuted and was informed that the State Inspector General's Office is the criminal investigative authority for criminal acts committed within the Department of Corrections.  The chief investigator found insufficient evidence that any crime had occurred.  Plaintiff states that he "filed" criminal charges

within the state court and that the state court wrongly treated his case as one or more civil matters and apparently dismissed one or all of them.

The district court dismissed this action as legally frivolous under 28 U.S.C. § 1915(e)(2)(B). We presume she meant § 1915(e)(2)(B)(i), which provides for dismissal of a complaint as legally frivolous, and which we review for abuse of discretion. Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997). Plaintiff asks this court to return his case to the state district court to be "properly handled" as a criminal matter. Aplt. Br. at 3. Thus, the relief he seeks is in the general nature of mandamus. This court has no jurisdiction to order a state judge or court to perform a duty allegedly owed to plaintiff. See 28 U.S.C. § 1361; Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986).

In addition, to the extent plaintiff may be attempting to seek review of the dismissal of a state court case, this court is likewise without jurisdiction to review the judgment of a state court.[1] See Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998). Petitioner appears to be aware of his

---

[1] We note that plaintiff argues that he is not challenging the state court's decision, but rather the fact that the state court treated his attempt to file a criminal matter as a civil action and then dismissed the case for failure to adhere to the civil procedure rules. Aplt. Br. at 17. We regard this as a distinction without a difference because plaintiff's remedy is to appeal the state court's decision within the state court system.

potential remedy under Colo. Rev. Stat. Ann. § 16-5-209, including his right to appeal an adverse state court decision. See Moody v. Larsen, 802 P.2d 1169 (Colo. App. 1990).

Finally, the prosecuting attorneys are absolutely immune from suit under § 1983 for decisions to prosecute, Hammond v. Bales, 843 F.2d 1320, 1321 (10th Cir. 1988); to not prosecute, Dohaish v. Tooley, 670 F.2d 934, 938 (10th Cir. 1982); and for any related investigatory or evidence gathering functions undertaken in connection with the prosecutorial function. See Scott v. Hern, 216 F.3d 897, 909 (10th Cir. 2000) (prosecutor's immune conduct includes investigation, or lack thereof).

We grant plaintiff's motion to proceed without prepayment of fees and costs, reminding plaintiff of his continuing obligation to make the required installment payments under 28 U.S.C. § 1915(b). We AFFIRM the district court's dismissal of this action as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). For purposes of § 1915(g), our dismissal counts as one prior occasion or strike. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999).

The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge