FILED
United States Court of Appeals
Tenth Circuit

October 12, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARK BUCHANAN,

     Plaintiff-Appellant,

v.

STATE OF OKLAHOMA;
OKLAHOMA DEPARTMENT OF
EMERGENCY MANAGEMENT;
OKLAHOMA DEPARTMENT OF
CORRECTIONS; JUSTIN JONES;
LEXINGTON ASSESSMENT AND
RECEPTION CENTER; ERIC
FRANKLIN; JIMMY GREEN; MIKE
CARPENTER; CAPTAIN
HAMPTON; TAMMY HILL,

     Defendants - Appellees.

No. 10-6099
(D.C. No. 5:09-CV-00744-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

[*]      This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

     After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Mark Buchanan, a state prisoner proceeding pro se, appeals the district court's dismissal of his civil rights claims under 42 U.S.C. § 1983.[1] Mr. Buchanan also seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his claims, and requests leave to proceed *in forma pauperis* ("IFP") on appeal. For the reasons set forth below, we **AFFIRM** the district court's dismissal of Mr. Buchanan's § 1983 claims, **DISMISS** his application for a COA because it is not properly before us, and **DENY** his renewed motion to proceed IFP on appeal.

## BACKGROUND

Mr. Buchanan has sued the State of Oklahoma, two state agencies, two Oklahoma correctional facilities, and individual prison officials and guards in both their official and individual capacities, alleging that his constitutional rights were violated when he was deprived of medical treatment, deprived of his personal property, and denied access to the courts while incarcerated. Mr. Buchanan's complaint was referred to a magistrate judge.

In a very thorough report and recommendation, the magistrate judge recommended that the district court dismiss Mr. Buchanan's § 1983 claims *sua sponte* for failure to state a claim upon which relief may be granted. The magistrate judge noted that some of Mr. Buchanan's claims "sound[ed] in

---

[1]     We construe Mr. Buchanan's pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

habeas."  R., Vol. 1, at 121 (Report and Recommendation, dated Mar. 4, 2010).

Generally, as the magistrate judge noted, Mr. Buchanan urged the court (without

much discussion) to provide all possible relief under the habeas corpus procedures

to address the alleged wrongfulness of his incarceration, and he challenged on

constitutional grounds the outcome of his prison disciplinary proceeding.  The

magistrate judge concluded that "[h]abeas claims are not cognizable in a civil

rights action," in that they "challenge[] the fact or duration of . . . confinement."

*Id.*  (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)) (internal quotation

marks omitted).  The magistrate judge "therefore recommended that all habeas

claims be dismissed without prejudice to Plaintiff[] asserting them in proper

habeas actions."  *Id.* at 121–22.  The magistrate judge noted that the court "t[ook]

no position on the merits or timeliness of any habeas action."  *Id.* at 122 n.13.

Finally, the magistrate judge recommended that Mr. Buchanan be assessed a

strike, pursuant to 28 U.S.C. § 1915(g), in connection with his filing of the instant

§ 1983 action.

The district court agreed fully with the magistrate judge's conclusions,

including the magistrate judge's recommendations concerning the disposition of

Mr. Buchanan's § 1983 claims and his claims sounding in habeas.  More

specifically, the district court adopted the Report and Recommendation and

dismissed Mr. Buchanan's § 1983 claims with prejudice.  Subsequently, the

district court issued an order denying Mr. Buchanan's motion for leave to proceed

3

IFP on appeal, having concluded that he had not demonstrated that his appeal was in good faith. This appeal followed.

### DISCUSSION

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)) (internal quotation marks omitted).

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). States, state agencies, and state officials acting in their official capacities are not "persons" acting under color of state law; thus, Eleventh Amendment sovereign immunity bars claims against these defendants unless the state has waived that immunity, and Oklahoma has not waived its sovereign immunity as to § 1983 claims. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989); *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 588–89 (10th Cir. 1994),

4

*abrogated on other grounds by Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). Similarly, state-operated detention facilities do not have a separate legal identity from the state, and therefore are not "persons" who have the capacity to be sued under § 1983. *See Aston v. Cunningham*, No. 99-4156, 2000 U.S. App. LEXIS 14379, at *12 n.3 (10th Cir. June 21, 2000). The district court was therefore correct to dismiss Mr. Buchanan's claims against the state governmental-entity defendants and the state officials in their official capacities.

The district court also was correct to dismiss Mr. Buchanan's claims against defendants Jones, Franklin, Province, Green, Blair, Carpenter, Honaker, Hill, the "Doe Security Major at DCCC," members of the "Lexington Correctional Security Staff," and members of the "Dick Conners Correctional Security Staff" in their individual capacities, as Mr. Buchanan failed to allege facts to show that these defendants personally participated in the alleged constitutional violations. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Mr. Buchanan's remaining claims against individual defendants fail to allege constitutional violations that would warrant relief under § 1983. Mr. Buchanan, who is diabetic, alleges that he was not allowed to eat immediately after receiving his insulin shots, did not receive his medication on several occasions, and was deprived of a back brace. He also alleges that he was confined to an unsanitary cell, that his property was lost when prison officials

5

negligently failed to secure that property or intentionally confiscated it, and that he was denied adequate access to the prison library.

We conclude, however, that Mr. Buchanan's personal hygiene claims are not sufficiently serious to rise to the level of Eighth Amendment violations. *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) ("[T]he alleged injury or deprivation must be sufficiently serious. The official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994))).

Furthermore, none of Mr. Buchanan's allegations regarding loss or confiscation of his personal property are sufficient to state a claim for a due process violation. Insofar as the prison officials merely acted with simple negligence, that would not be enough to raise due process concerns. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (overruling prior precedent "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment"); *see also Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (discussing *Daniels*). Even if Mr. Buchanan's property-related claims did raise due process concerns, unauthorized deprivations of a prisoner's property do not violate due process where state post-deprivation remedies are available, and Oklahoma law provides such remedies. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see* Okla. Stat. tit. 12, §§ 1571–71.1 (replevin); Okla Stat. tit. 51, §§ 151-171

6

(Governmental Tort Claims Act).

With regard to his medical-needs claims, Mr. Buchanan has not demonstrated that he suffered substantial harm or that individual defendants acted with a culpable state of mind as required under the Eighth Amendment. *See Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (noting that "a prisoner must have suffered 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). He also has failed to explain how the prison library rules deprived him of access to the courts. *See Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006) (holding that to state a claim for denial of a right of access to the courts, a defendant "'must show that any denial or delay of access to the court prejudiced him in pursuing litigation'" (quoting *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996))). In sum, the district court's dismissal of Mr. Buchanan's § 1983 claims was entirely appropriate.

We also dismiss Mr. Buchanan's misguided application for a COA, without undertaking the traditional COA analysis defined by the Supreme Court in *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Although his application is far from pellucid, Mr. Buchanan appears primarily to request a COA to appeal from the district court's determinations concerning the property and medical-needs claims that he pursued under § 1983. As to these claims, the COA procedure is patently inapposite. It is beyond

peradventure that a COA is not necessary to appeal from a district court's resolution of § 1983 claims. *See* 28 U.S.C. § 2253(c)(1)(A) (noting that a COA is required to appeal from "the final order in a *habeas corpus proceeding* in which the detention complained of arises out of process issued by a State court" (emphasis added)); *Miller-El*, 537 U.S. at 335–36 ("Before an appeal may be entertained, a prisoner who was *denied habeas relief* in the district court must first seek and obtain a COA from a circuit justice or judge." (emphasis added)); *see also* 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 35.4a, at 1753 (5th ed. 2005) (discussing the COA requirement and noting that "[i]n contrast to the unrestricted availability of appeals in most other civil litigation, there is no appeal as of right for prisoners in habeas and section 2255 cases"); *cf. Harbison v. Bell*, __ U.S. __, 129 S. Ct. 1481, 1485 (2009) ("This provision [§ 2253(c)(1)(A)] governs final orders that dispose of the merits of *a habeas corpus proceeding*—a proceeding *challenging the lawfulness of the petitioner's detention.* An order that merely denies a motion to enlarge the authority of appointed counsel (or that denies a motion for appointment of counsel) is not such an order and is therefore not subject to the COA requirement." (emphasis added) (citations omitted)). Indeed, we have entertained Mr. Buchanan's appeal from the district court's resolution of his § 1983 claims. Contrary to Mr. Buchanan's apparent desire, however, we determined on careful review of the record that the district court did not err.

8

Insofar as Mr. Buchanan's COA application may be liberally read to address the claims that the district court identified as sounding in habeas, Mr. Buchanan's request for a COA is similarly ill-conceived. The district court did not purport to address either the procedural viability or the substance of Mr. Buchanan's habeas claims. Rather, the court elected to dismiss them "without prejudice to their assertion in a properly filed habeas action, assuming Plaintiff can satisfy the applicable statute of limitations for filing a habeas claim." R., Vol. 1, at 143 (Dist. Ct. Order, dated Apr. 8, 2010). In other words, the district court did not adjudicate on either procedural or substantive grounds Mr. Buchanan's habeas claims.[2] *Cf. Boutwell v. Keating*, 399 F.3d 1203, 1210–11 (10th Cir. 2005) (upholding district court's decision to construe prisoner's § 1983 complaint as a habeas petition "[a]fter determining that [the prisoner's] claims were not cognizable under § 1983" and to dismiss those habeas claims on the merits "because the facts alleged in the petition even if true fail to establish a

---

[2]     In *Rael v. Williams*, 223 F.3d 1153 (10th Cir. 2000), we responded in an analogous fashion to a somewhat obverse situation—*viz.*, a situation in which the thrust of the action sounded in habeas under 28 U.S.C. § 2241, but the action also included claims not sounding in habeas. *Id.* at 1154–55. We (1) endorsed the district court's decision to resolve the habeas claim at the heart of the action; (2) granted a COA as to that habeas claim; and (3) held that "all *other claims* [not sounding in habeas] contained in the petition are *dismissed without prejudice*." *Id.* (emphasis added). Here, of course, the thrust of the action sounded in § 1983 (not habeas), and the district court addressed those § 1983 claims on the merits, and dismissed all other claims not sounding in § 1983 (i.e., sounding in habeas) without adjudicating them and without prejudice.

9

constitutional violation"). Consequently, the court's action did *not* result in a habeas ruling, which Mr. Buchanan could only appeal by first obtaining a COA. If Mr. Buchanan brings a habeas action in the future and the district court does not afford him satisfactory relief, *then* he may apply for a COA to appeal from the district court's habeas ruling. But, at the present time, Mr. Buchanan's application for a COA is not predicated upon a district court habeas ruling and, accordingly, it is premature. Thus, for the foregoing reasons, we dismiss Mr. Buchanan's application for a COA.

Finally, we deny Mr. Buchanan's renewed motion to proceed IFP on appeal, as he has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Caravalho v. Pugh*, 177 F.3d 1177, 1177 (10th Cir. 1999).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Mr. Buchanan's § 1983 claims, **DISMISS** Mr. Buchanan's application for a COA, and **DENY** his renewed motion for leave to proceed IFP on appeal.

We direct Mr. Buchanan to remit the full amount of the appellate filing fee.[3]

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

---

[3] We also deny Mr. Buchanan's recently filed "Motion to File a Supplemental Brief."