FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ERIC ST. GEORGE,

    Plaintiff - Appellant,

v.

PHILIP J. WEISER,

    Defendant - Appellee.

No. 21-1399
(D.C. No. 1:21-CV-01224-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff-Appellant Eric St. George, a state prisoner proceeding pro se,[1]

appeals from the district court's dismissal of his civil rights claims under 42 U.S.C.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Mr. St. George litigates this matter pro se, we construe his filings liberally but do not act as his advocate. *See United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

§ 1983.[2] Mr. St. George also requests leave to proceed *in forma pauperis* ("IFP") on appeal. For the reasons set forth below, we **affirm** the district court's order dismissing Mr. St. George's § 1983 claims and **deny** his renewed motion to proceed IFP on appeal.

## I

Mr. St. George is a prisoner in the custody of the Colorado Department of Corrections. He has sued the Colorado Attorney General, Philip Weiser, in his official and individual capacity, alleging that Mr. Weiser committed fraud and violated his constitutional rights to free speech, trial by jury, and due process. Specifically, Mr. St. George asserts three claims for relief. First, he contends that Mr. Weiser denied receipt of a notice of intent to sue, which resulted in the dismissal of Mr. St. George's state action for his alleged failure to comply with the notice requirement of the Colorado Governmental Immunity Act. *See* R. at 7–10 (Second Amended Complaint, filed July 26, 2021). Second, Mr. St. George alleges that Mr.

---

[2] In his brief, Mr. St. George also includes a "Certificate of Appealability Statement," which could be construed as a request for a Certificate of Appealability ("COA") for the dismissal of his § 1983 claims. Aplt.'s Br. at i. However, a COA is not necessary to appeal from the district court's resolution of § 1983 claims. *See* 28 U.S.C. § 2253(c)(1)(A) (noting that a COA is required to appeal from "the final order in a *habeas corpus proceeding* in which the detention complained of arises out of process issued by a State court" (emphasis added)); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) ("Before an appeal may be entertained, a prisoner who was *denied habeas relief* in the district court must first seek and obtain a COA from a circuit justice or judge." (emphasis added)); *see also Buchanan v. Oklahoma*, 398 F. App'x 339, 343 (10th Cir. 2010) (unpublished) ("It is beyond peradventure that a COA is not necessary to appeal from a district court's resolution of § 1983 claims."). Accordingly, we do not further consider the COA matter.

2

Weiser falsely stated in an appellate brief filed in state court that Mr. St. George fired a second shot at the victim. *See id.* at 10–13. Third, Mr. St. George claims that Mr. Weiser violated his constitutional rights by failing to prosecute the victim, the prosecutors, and the police officers who allegedly committed crimes against Mr. St. George. *See id.* at 13–16. Mr. St. George seeks, *inter alia*, damages, an order directing Mr. Weiser to provide an affidavit demonstrating timely receipt of the notice required under Colorado's Governmental Immunity Act, an injunction to prevent repetition of Mr. Weiser's conduct, and the appointment of a special prosecutor to investigate Mr. St. George's criminal allegations. *See id.* at 17.

In a thorough recommendation, the magistrate judge recommended that the district court dismiss Mr. St. George's § 1983 claims. *See id.* at 146 (Recommendation of United States Magistrate Judge, filed Aug. 4, 2021). Specifically, the magistrate judge recommended that (1) the first claim be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine; (2) the second claim be dismissed for lack of jurisdiction under the *Younger* abstention doctrine—to the extent that Mr. St. George sought equitable relief—and under the doctrines of official and absolute immunity, to the extent that Mr. St. George sought damages; and (3) the third claim be dismissed as legally frivolous. *See id.* at 138–46.

The district court adopted the recommendation in full and dismissed Mr. St. George's § 1983 claims. *See id.* at 166–67 (Dist. Ct. Order, filed Nov. 2, 2021). The district court also denied Mr. St. George's motion for leave to proceed IFP on appeal,

having concluded that he had not demonstrated that his appeal would be filed in good faith. *See id.* at 167. This appeal followed.

## II

Mr. St. George raises three issues on appeal. First, he argues that the district court erred in dismissing his first claim for "lack of jurisdiction under the *Rooker-Feldman* doctrine." Aplt.'s Br. at i. Next, Mr. St. George contends that the district court erred in dismissing his second claim for lack of jurisdiction on *Younger* abstention grounds—to the extent he sought injunctive relief—and official and absolute immunity grounds for his damages claim. Finally, Mr. St. George alleges the district court erred in dismissing his third claim "as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." *Id.*

Having carefully considered Mr. St. George's seconded amended complaint, we must agree with the district court's determination. As such, exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's dismissal of Mr. St. George's § 1983 claims.

## A

Mr. St. George first contends that Mr. Weiser committed fraud and violated his constitutional rights by denying receipt of a notice to sue, which resulted in the dismissal of Mr. St. George's state action. *See* Aplt.'s Br. at 3–4. Mr. St. George further alleges that Mr. Weiser effectively foreclosed his civil action by failing to advise the Colorado Court of Appeals that he had received and was in possession of the required notice. *See id.* at 1–2, 4.

4

"As a rule, federal review of state court judgments can be obtained only in the United States Supreme Court." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998). The *Rooker-Feldman* doctrine operates as a jurisdictional limitation on federal courts, precluding "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). As such, the doctrine "prohibits a lower federal court [both] from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (alteration in original) (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002)).

"To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment [and thus jurisdictionally off limits under *Rooker-Feldman*] we must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147–48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148 (quoting *Kenmen*, 314 F.3d at 478).

Here, the Denver District Court and the Colorado Court of Appeals found that Mr. St. George failed to comply with the notice requirement of the Colorado

5

Governmental Immunity Act.  If we were to rule that Mr. Weiser received and possessed the required notice—as Mr. St. George requests—we would be, in essence, concluding that the state courts were wrong regarding the notice requirement and rejecting the state courts' judgments (i.e., ruling that the state court action was improperly dismissed).  In other words, Mr. St. George's requested relief would "disrupt or undo" the judgments of the Colorado state courts.  This we lack the jurisdiction to do.  As such, Mr. St. George's first claim is dismissed for lack of subject-matter jurisdiction.

## B

### 1

Mr. St. George next contends that the State's Answer Brief filed in his pending state criminal appeal uses fraudulent facts to deny him due process of law and equal protection under the law.  *See* Aplt.'s Br. at 4–6; R. at 13.  Specifically, Mr. St. George claims that Mr. Weiser falsely stated in his appellate brief that Mr. St. George "fired a second gunshot aimed at Emily Elliott."  Aplt.'s Br. at 5.  Mr. St. George requests that "the Attorney General be enjoined from presenting fraud as fact in State court pleadings . . . ."  *Id.* at 6.  The district court held that Mr. St. George's request for injunctive relief was barred by the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).

"We review de novo the district court's decision to abstain from exercising jurisdiction under *Younger*."  *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  "*Younger* abstention dictates that federal courts not interfere with state court

6

proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)).  As such, absent extraordinary circumstances, "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"  *Id.* (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

More specifically, where there is such an ongoing state proceeding, and these conditions are otherwise satisfied, a presumption arises in favor of abstention.  *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights."); *see also J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1294 (10th Cir. 1999) (Briscoe, J., concurring) ("[I]nterference is the touchstone of *Younger:* '[A]bstention under *Younger* presumes that the federal action would interfere with the ongoing state proceedings since, typically, the federal plaintiff's object in filing the federal action is either to seek an injunction against the state proceedings themselves or to challenge the law being

7

applied in those proceedings.'" (second alteration in original) (quoting *Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200–01 (3d Cir. 1992), *abrogated on other grounds as recognized by PDX North, Inc. v. Comm'r N.J. Dep't of Lab. and Workforce Dev.*, 978 F.3d 871, 881 n.11 (3d Cir. 2020))); 1A Barbara J. Van Arsdale et al., FEDERAL PROCEDURE § 1:584, Westlaw (database updated Nov. 2022) (referring to a "presumption that a state's vital interest in carrying out its executive functions is at stake if the State is in an enforcement posture in state proceedings").  However, "a federal plaintiff may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown . . . .'" *Phelps*, 122 F.3d at 889 (omission in original) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

The district court properly concluded that it should abstain under *Younger*. Here, the first condition for *Younger* abstention is met because Mr. St. George's direct criminal appeal is ongoing.  Indeed, the very brief he takes issue with was submitted in that ongoing appeal.  The second condition is also met because Mr. St. George can raise his constitutional challenges in state court (i.e., to the state appellate court currently hearing his criminal appeal).  *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").  The third condition is also satisfied as the Supreme Court "has recognized that the States'

8

interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Mr. St. George has alleged no facts demonstrating that his prosecution was undertaken in bad faith, or with the intent to harass. As such, Mr. St. George is unable to overcome the presumption of abstention. Therefore, we hold, to the extent that Mr. St. George seeks injunctive relief, his claim is barred by the abstention doctrine of *Younger v. Harris*.

**2**

Insofar as Mr. St. George is seeking damages, his claims are barred by official and absolute immunity. Mr. St. George is suing Mr. Weiser in both his official and individual capacities. The official capacity claims must be dismissed because "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citation omitted). Given that Colorado has not consented to suit, and Congress has not overridden sovereign immunity in these circumstances, Mr. St. George's official capacity claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

Mr. St. George's claims for damages against Mr. Weiser in his individual capacity must also be dismissed. Specifically, Mr. St. George's allegation that Mr. Weiser made a false statement in an appellate brief is barred by absolute

9

prosecutorial immunity. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "The preparation of an appellate brief is without question intimately associated with the judicial phase of the criminal process." *Fritz v. Hammons*, No. 92-6360, 1993 WL 96890, at *1 (10th Cir. Mar. 30, 1993) (unpublished); *cf. Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1372 n.4 (10th Cir. 1991) ("Whether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule for prosecutors."). As such, Mr. St. George's individual capacity claims are also dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

## C

Third, Mr. St. George asserts that Mr. Weiser committed fraud and violated his constitutional rights by failing to prosecute the victim, the prosecutors, and the police officers who allegedly committed crimes against him. *See* Aplt.'s Br. at 6–7. Mr. St. George alleges that the "failure to prosecute, and ultimately convict the perpetrators of crimes against [Mr.] St. George, has denied him his liberty in permitting the false narratives against him to persist." R. at 15. As such, Mr. St. George requests that we "remand this case with instructions for the District Court to appoint a special prosecutor" to investigate and prosecute the alleged perpetrators. Aplt.'s Br. at 7. The district court—in accordance with the magistrate judge's recommendation—

dismissed Mr. St. George's claim as legally frivolous. *See* R. at 167. Specifically, it found that Mr. St. George provided no constitutional, statutory, or common law right of action which would provide a legal basis for his § 1983 claim against Mr. Weiser. We agree with the district court's determination.

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "This court reviews frivolousness dismissals for an abuse of discretion." *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). However, when, as here, the district court's decision turns on "a legal issue," "we must review [that decision] de novo." *Id.*

Mr. St. George cites two sources of statutory authority for his § 1983 claim. First, he claims that 18 U.S.C. § 3771 (i.e., the Crime Victims' Rights Act) provides crime victims a federal right to require public officials to investigate and prosecute crimes. However, 18 U.S.C. § 3771 does not provide a cause of action for Mr. St. George's claim against Mr. Weiser—a *state* official. The statute only creates obligations upon the "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States." 18 U.S.C. § 3771(c)(1).

Even assuming *arguendo* that the statute applied to state officials, 18 U.S.C. § 3771 does not provide any right to require the prosecution of alleged crimes. Indeed, § 3771(d)(6) expressly provides that nothing in the statute shall be construed to create a cause of action for damages against any official or—more to the point—as impairing the prosecutorial discretion of the Attorney General or any officer under

11

his direction.  As such, Mr. St. George fails to provide a federal constitutional or statutory right which supports his claim against Mr. Weiser here.[3]  *See White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) ("In any event, the law is also clear that there is no '[federal] constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.'" (quoting *Doe v. Mayor & City Council of Pocomoke City*, 745 F. Supp. 1137, 1138 (D. Md. 1990))); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence" (emphasis omitted)).

Second, Mr. St. George claims that Colo. Rev. Stat. § 16-5-209 provides a statutory right for his requested relief here (i.e., the appointment of a special prosecutor).  On the request of an alleged crime victim, Colo. Rev. Stat. § 16-5-209 allows a state judge to appoint a special prosecutor where a prosecuting attorney fails to prosecute for arbitrary or capricious reasons.  However, this state statute does not create a cause of action under § 1983.  A § 1983 plaintiff "must allege the violation

---

[3]    To the extent that Mr. St. George raised an equal protection claim below, *see* R. at 146 (interpreting his third claim "liberally" to have an equal protection component and ruling that it "lacks merit"), he has abandoned it on appeal. Nothing in his brief can be construed as raising such an argument—*viz.*, that he was treated differently from other crime victims on account of belonging to a protected class—and so it is waived. *See Grant v. Pharmacia & Upjohn Co.*, 314 F.3d 488, 494 (10th Cir. 2002) ("Since [plaintiff's] claim has not been briefed on appeal, we deem it waived."); *Anderson v. U.S. Dep't of Lab.*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

of a right *secured by the Constitution and laws of the United States*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *see Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("Section 1983 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.'" (quoting *Graham v. Connor*, 490 U.S. 386, 393–94 (1989))).  Here, Mr. St. George alleges that Mr. Weiser acted in violation of a *state* statute, which (standing alone) is insufficient to plead a § 1983 claim.

Furthermore, even assuming, *arguendo*, that § 1983 was the appropriate vehicle to bring such a claim, Mr. Weiser would not be the appropriate defendant. Colo. Rev. Stat. § 16-5-209 allows a state judge—not the Colorado Attorney General—to appoint a special prosecutor.  As such, Mr. St. George could only properly allege in this context that his constitutional rights were violated by a *state judge's* refusal to appoint a special prosecutor in violation of Colo. Rev. Stat. § 16-5-209.  If Mr. St. George wished to raise such a claim, he needed to bring his § 1983 suit against the relevant state judge, not Mr. Weiser.  *See, e.g.*, *Rutherford v. Anderson*, 30 F. App'x 828 (10th Cir. 2002) (unpublished); *Rivers v. Hartmann*, 499 F. App'x 786 (10th Cir. 2012) (unpublished); *cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1251 (10th Cir. 2008) ("In general, state actors may only be held liable under § 1983 for their own acts, not the acts of third parties.").

In sum, Mr. St. George fails to advance any meaningful grounds for relief.  As such, there is no arguable basis in fact or law for Mr. St. George's claim.  Therefore,

13

the claim was correctly dismissed as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).

### III

Finally, we address Mr. St. George's request to proceed IFP. Given that Mr. St. George has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Caravalho v. Pugh*, 177 F.3d 1177, 1177 (10th Cir. 1999), we deny his application to proceed IFP on appeal.

### IV

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Mr. St. George's § 1983 claims and **DENY** his renewed motion for leave to proceed IFP on appeal.

We direct Mr. St. George to make full and immediate payment of the outstanding appellate filing fee.

Entered for the Court


Jerome A. Holmes
Chief Judge

14