**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

GARRY WAYNE WILSON,

    Plaintiff - Appellant,

v.

DISTRICT COURT OF TULSA
COUNTY; OKLAHOMA COURT OF
CRIMINAL APPEALS,

    Defendants - Appellees.

No. 25-5017
(D.C. No. 4:24-CV-00469-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Garry Wayne Wilson, a state inmate proceeding pro se and seeking to

proceed in forma pauperis (IFP),[1] appeals the United States District Court for

the Northern District of Oklahoma's dismissal of his 42 U.S.C. § 1983 action

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Wilson proceeds pro se, we liberally construe his filings, but
we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975
(10th Cir. 2009).

against the District Court of Tulsa County and the Oklahoma Court of Criminal Appeals (collectively, the "state-court defendants"). In his complaint, he alleged that the state-court defendants violated his civil rights during his criminal prosecution because they lacked jurisdiction over him for "crimes occurring in Indian Country[.]" R. at 8. The district court dismissed the complaint under 28 U.S.C. § 1915A for failure to state a claim. We review de novo. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

The district court concluded that Wilson failed to state a § 1983 claim because neither state-court defendant was a "person" that could be sued under § 1983. R. at 14–15; *see Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) ("[T]his and other circuit courts have held that a state court is not a 'person' under § 1983."), *superseded by statute on other grounds as stated in Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011). The district court also concluded that his § 1983 claims failed because his criminal judgment has not been invalidated but his § 1983 claims would, if successful, "necessarily imply the invalidity of [his] criminal conviction or sentence[.]" R. at 16; *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

2

We agree with the district court. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous, deny Wilson's motion to proceed IFP, and assess a strike under 28 U.S.C. § 1915(g).[2]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] Wilson's appellate brief includes an application for a certificate of appealability (COA). Op. Br. at 7–11. But "a COA is not necessary to appeal from a district court's resolution of § 1983 claims." *Buchanan v. Oklahoma*, 398 F. App'x 339, 343 (10th Cir. 2010) (citing 28 U.S.C. § 2253(c)(1)(A)). So we do not consider the COA matter.